## RUSCH v. THE CITY OF DAVENPORT.

The City of Davenport, in its corporate capacity, is liable for an injury resulting from the defective condition of its streets and bridges.

Under sections four and five of the act entitled "An act to amend an act entitled 'An act to incorporate the city of Davenport,' approved January 22, 1855, there is no road district distinct from the city; nor has the city an existence as a corporation, distinct from its existence as a road district.

A court need not adopt the language of counsel, in charging the jury. It may put aside the instructions asked, and charge the jury in its own language; and the party can only assign for error the incorrect ruling of the court upon the law.

In an action for damages resulting from an injury occasioned by a defective road or bridge, the plaintiff, to entitle him to recover, must not only show some negligence on the part of the defendant, but ordinary care and diligence on his own part.

The reasonable care to be shown by the plaintiff in such a case, need not be directly shown, but may be inferred by the jury from the circumstances of the case.

The degree of care required of the plaintiff in such a case, is such care as persons of common prudence generally exercise; and whether he has exercised such degree of care, is a question of fact, or a mixed question of law and fact, to be determined by the jury under the direction of the court,

Negligence is the omitting to do something that a reasonable person would do, or the doing something that a reasonable person would not do.

Where in an action to recover damages for an injury occasioned by a defective bridge, the court instructed the jury that if the plaintiff knew of the defect, or could have seen the same, by the exercise of ordinary care, and that if he imprudently and carelessly drove his horse upon the bridge, and the accident occurred in consequence of such imprudence and carelessness; or if the accident could have been avoided,

Rusch v. The City of Davenport.

by the exercise of ordinary care and prudence, they must find for the defendant; *Held*, That the instruction was correct.

Where in an action for damages for an injury resulting from a defective bridge, the defendant asked the court to instruct the jury as follows: "That the plaintiff having sued the defendant for damages, the burden of proof is upon him to make out a case, and he is not entitled to recover, unless he has shown, not only the defect in the bridge or crossing, and the injury, but also, in addition to these facts, that the accident did not happen in consequence of the want of ordinary prudence and care on his part," &c.; which instruction the court refused, and instead thereof, charged the jury substantially as follows: "That they must be satisfied that a defect existed in the bridge, which defendant was bound to keep in repair, and that the accident happened in consequence of the defect; that if they believe the bridge was so defective as to be unsafe for crossing; that the plaintiff, in attempting to cross, used ordinary care and prudence; and that the accident happened in consequence of the defect, they must find for the plaintiff; but that if the defect was manifest and apparent; if plaintiff knew of the defect, or could have seen the same, by using ordinary care and prudence, and imprudently and carelessly drove his horse upon the same, and the accident happened *in consequence of such imprudence and carelessness;* or if the accident could have been avoided by the exercise of ordinary care and prudence, they must find for the defendant;" *Held*, That while the court did not, in so many words, charge the jury that the burden of proof was upon the plaintiff to show that the accident happened without any want of reasonable care on his part, yet, that the instruction given, amounted in effect to such ruling.

The term bridge embraces every structure in the nature of a bridge over any obstruction to the highway, whether a river, ditch, or other passage for water.

Although a road district may not be obliged to keep the whole of a highway, from one boundary to another, free from obstructions, and fit for the use of travelers, yet as convenience and safety are the essential conditions of a well-maintained highway, both at common law and by statute, if a bridge is built of greater width than is required by the statute, where the exigencies of travel seem to require it, it must be kept in good condition for its whole width.

Where a city digs a ditch, and covers it at the street crossing with boards, for the whole width of the street, it is the duty of the city to keep it in a suitable condition for crossing upon any part of it.

The necessities of travel may require a bridge to be wider than sixteen feet; and section 517 of the Code, which provides that "bridges are parts of the public highways, and must be not less than sixteen feet," does not mean that a road district is, in no case, required to construct its bridges more than sixteen feet wide.

Where in an action against a road district for the recovery of damages,

for an injury resulting from a defective bridge, the defendant asked the court to instruct the jury substantially as follows: "That the city of Davenport, as a road district, was not bound to keep the bridge in a suitable condition for crossing, for a greater width than sixteen feet," which instruction was refused; *Held*, That the court properly refused the instruction.

*Appeal from the Scott District Court.*

WEDNESDAY, OCTOBER 13.

This action was brought to recover damages for an injury to the plaintiff and his wife, caused by a defect in a bridge over a culvert in one of the streets in the city of Davenport. The petition alleges that the defendant is a corporation; that by the act of incorporation, the said city is constituted a road district; that within said city is a street or public highway, called Harrison street, and another street or public highway, crossing the same, called Third street; that the plaintiff and his wife, on or about the 6th day of August, 1855, were riding in a wagon drawn by one horse, going from Third into Harrison street, at the crossing thereof, where there is a bridge over a culvert; that by reason of a hole, or defect in the plank or planks of said bridge, his horse fell with his feet through said hole in said bridge; that by reason of the defect in said bridge, the plaintiff's wagon was upset and overturned, and both the plaintiff and his wife were thrown from said wagon, and greatly bruised, cut and wounded; that thereby both the plaintiff and his wife, were sick, sore, and disabled for a long space of time, during which time the plaintiff was hindered from his business, and his wife was hindered from serving him; and that by reason of the premises, the plaintiff was put to great expense in and about the curing of himself and wife, and otherwise greatly injured.

The answer of the defendant, after denying the material allegations of the petition, alleges that said bridge was thirty-two feet in length up and down Harrison street, across

the centre of Third street, and of sufficient width to span the said gutter; that there were no holes in said bridge, extending sixteen feet either way, from the centre of said Third street, nor did the plaintiff's horse step into any hole on said thirty-two feet of bridging; that if plaintiff's horse got into any hole, and thereby the plaintiff and his wife were injured, it was owing to the carelessness of the said plaintiff in driving across said bridge; that if plaintiff and his wife were injured, in consequence of their horse getting into a hole near the spot named, it was a hole in the side-walk on one of said streets, where the horse went in consequence of the unskillfulness of the driver; that there was on said street a good, sound and whole bridge, twice the width required by law; and that if plaintiff and wife were injured in manner and form as alleged, it was in consequence of plaintiff having a vicious and unmanageable horse.   To this answer the plaintiff replied, denying the new matter set up, and averring that the place where the plaintiff's horse fell into the hole and upset the plaintiff's wagon, was in another part of said street, where the defendant had built a wooden crossing over a culvert or ditch, made by defendant, to drain the water down Harrison street to the Mississippi river, and the accident occurred on a part of said street where the public were accustomed to, and had a right to pass and repass.   Rejoinder by defendant, denying that the accident occurred in a part of said street which was the accustomed place of driving across said ditch by the public.

The court, on its own motion, among other things, charged the jury as follows:

I.   If the jury are satisfied from the evidence, that the defendant laid out, opened and established Third street eighty feet in width, and worked and prepared the centre of said street, from gutter to gutter, so that the public could travel upon the same, and with the apparent design and intention, that the same should be so used with teams and carriages, it was the duty of said defendant to keep all that portion of said street, so worked and prepared, in

such condition as to be safe for the public to so use and travel upon.

II. If the jury believe that defendant dug a ditch across Third street, and along the line of Harrison street, the whole width of the worked and traveled part of Third street, and bridged said ditch with plank the width of said street, in that case, it was the duty of defendant to keep said bridge in repair the whole width of Third street, so that it would be safe for the public to pass and repass with their teams, upon any part of the same.

III. If the jury believe said bridge so constructed, was defective in any part of it, so as to render it unsafe for people to travel over the same with their teams, and the plaintiff attempted to cross the same, and used ordinary care and prudence in so doing, and that the accident happened in consequence of said defect, then the defendant is liable in this action, and the plaintiff is entitled to recover.

IV. In determining what is ordinary care and prudence, the jury will take into consideration the place where the plaintiff started—his manner of starting—the character of the horse which he drove—and whether, under all the circumstances, he conducted as men generally would, and whether the care which he exercised, was, upon the whole, proportionate to the probable danger of injury that was before him.

V. If, under the instructions and the evidence, the jury should be of opinion that the accident occurred in consequence of a defect in the bridge, which defendant was bound to keep in repair, and that the plaintiff used such care, skill, and prudence as men ordinarily exercise under such circumstances, they will return their verdict for the plaintiff.

VI. But if the jury believe from the evidence, that the defect was manifest and apparent, and that the plaintiff knew that said defect existed, or could have seen the same, by using ordinary care and prudence, and imprudently and carelessly, drove his horse upon the same, and the ac-

cident happened in consequence of the imprudence and carelessness of plaintiff; or if the accident could have been avoided, by the exercise of ordinary care and prudence on the part of the plaintiff; or if the jury believe that the accident occurred, not in consequence of the defect in the bridge, but by reason of the short turn which the horse made in turning from Third into Harrison street, then the defendant is not liable.

To these instructions the defendant excepted, and asked the court to instruct the jury as follows:

I. That the plaintiff in this case, is not entitled to recover, and it will be the duty of the jury to find a verdict for the city, unless the jury are satisfied from the evidence: 1. That there was a hole or defect in the bridge; and 2. That the plaintiff used proper and ordinary care in driving; and the jury must be satisfied from the evidence of both of these facts, before they can return a verdict in favor of the plaintiff.

II. That the plaintiff having sued the defendant for damages, the burden of proof is upon him to make out a case, and he is not entitled to recover, unless he has shown, not only the defect in the bridge or crossing, and the injury, but also, in addition to these facts, that the accident did not happen in consequence of the want of ordinary prudence and care on his part. The court repeats to you that it is incumbent on the plaintiff, to satisfy the jury that the accident did not happen from his neglect; and if the plaintiff has failed, from the whole testimony, to satisfy the jury on this point, he has failed to make out a case and cannot recover.

III. That if Third street is eighty feet wide, and if twelve feet on each side was appropriated for foot passengers; and if four feet on each side, next to the side-walks, are appropriated for gutters; and if the forty-eight intervening feet, passing over Harrison street, were well bridged, and was the place where the great proportion of the wagons traveled; and if the place where the plaintiff

crossed was not designed to be crossed by wagons; and if persons of ordinary care would not have attempted to cross where the plaintiff did, or if attempting to cross there, could have done so in safety, by the exercise of ordinary skill in driving, you will find a verdict for the defendant.

IV. That the plaintiff cannot maintain this action against " The City of Davenport," in its corporate capacity; it should have been against "The Road District."

The court refused to give the instructions asked by defendant, to which refusal he excepted. The jury returned a verdict for the plaintiff, and assessed his damages at one thousand dollars. Motions for a new trial and in arrest of judgment, were made and overruled, and judgment entered on the verdict. The defendant appeals, and assigns for error the instructions given by the court to the jury, and the refusal to give those asked for by the defendant.

*Cook, Dillon & Lindley*, for the appellant, in support of their views, cited *Brown* v. *Maxwell*, 6 Hill, 592, and cases there cited; *Rathbun* v. *Payne*, 19 Wend., 401; *Williams* v. *Holland*, 6 Carr & Payne, 23; *Pluckwell* v. *Wilson*, 5 Ib., 375; *Smith* v. *Smith*, 2 Pick., 623; *Lane* v. *Crombie*, 12 Ib., 177; *Butterfield* v. *Forrester*, 11 East, 61; *Harlow* v. *Humister*, 6 Cow., 191; Laws of 1855, sec. 4; Laws of 1853, 83; Code, sec. 517; *Howard* v. *Bridgewater*, 16 Pick., 189.

*James Grant*, for the appellee, relied upon *Beers* v. *H. R. R. Co.*, 19 Conn., 566; *Barber* v. *Essex*, 1 Williams C. P., 62; *Providence* v. *Clapp*, 17 How., 161.

Stockton, J.—The first question suggested, is whether the suit should not have been against the road district as defendant, instead of the city of Davenport.

The act of January 22, 1853, provides, that " every road district shall be responsible for all damages sustained by any person, in consequence of defects in the roads and

bridges in said district." Section 17. Although road districts are thus made liable for damages resulting from the defective condition of their roads and bridges, yet, as they have not been made corporate bodies, as counties and school districts have been, and as no express provision is made for their being sued, a question might be well made, whether a suit can be brought against a road district, as defendant, by virtue of the above recited provision. Without determining this question, however, we think the suit in this instance, was properly brought against the city.

The act of January 22, 1855, provides, that "the city of Davenport shall constitute one road district, to be under the control and superintendence of one or more street commissioners, to be appointed by the city council." Session Acts, chapter 57, section 4. Something more was intended by this act, than merely to define the boundaries of a road district, and to declare that the same should be co-extensive with the limits of the city of Davenport. The city as incorporated, is by it constituted a road district, with all the liabilities of other road districts. Power is given to it of appointing its own commissioners, or supervisor of roads, and of receiving all taxes for road purposes, levied by the county authority upon the property within the city; which it is required to expend upon the streets of the city, and the roads leading to it. Act of 1855, sections 4 and 5. We think that there is no road district distinct from the city. The boundaries of the road district are the boundaries of the city. The city has not an existence as a corporation distinct from its existence as a road district, and no different liability is created. The city is withdrawn from the operation of the general road law, so far as to take away from the township trustees, the power of sub-dividing it into road districts, and appointing supervisors of roads. The city is made one district, with the power of appointing its own officers. Act of January 22, 1853, sections 1 and 2.

The court was asked by defendant to charge the jury

that " the plaintiff must show, not only the defect of the bridge, and the injury resulting therefrom, but he must further show that the accident did not happen from his own negligence." The court refused to give the instruction as asked, and instead thereof charged the jury as follows : " That they must be satisfied that a defect existed in the bridge, which defendant was bound to keep in repair, and that the accident happened in consequence of the defect; and if they believe the bridge was so defective as to be unsafe for crossing; that the plaintiff in attempting to cross used ordinary care and prudence, and that the accident happened in consequence of the defect, they must find for the plaintiff; but if the defect was manifest and apparent—if plaintiff knew of the defect, or could have seen the same, by using ordinary care and prudence, and imprudently and carelessly drove his horse upon the same, and the accident happened *in consequence of such imprudence and carelessness*—or if the accident could have been avoided, by the exercise of ordinary care and prudence, they must find for the defendant."

It is not important that an instruction should be given in the very language in which it is asked ; if given in substance, it is sufficient. The court need not adopt the language of the counsel, in charging the jury. It may put aside the instructions asked, and charge them in its own language ; and the party can only assign for error, its incorrect ruling of the law. The court must, of course, be permitted to choose the language in which his charge is given.

We think there is no doubt, but that the burden of proof was on the plaintiff to show to the jury, that the accident happened without any want of reasonable care on his part. Whether the action be at common law, against an individual, for placing an obstruction in a highway, whereby the plaintiff has suffered damages, or under the statute, against the town or road district, for injuries sustained by reason of some defect or want of repair ; in either case, the plaintiff in order to recover, must show

that he did not contribute to the injury by his own fault, or by the want of ordinary care. Angell on Highways, Section 290.

In *Butterfield* v. *Forrester*, 11 East, 60, Lord Ellenborough said: "Two things must concur to support this action; an obstruction in the road by the fault of the defendant, and no want of ordinary care to avoid it, on the part of the plaintiff."

In *Smith* v. *Smith*, 2 Pick., 623, the court says: "It cannot be maintained, unless the plaintiff can show that he used ordinary care; for, without that, it is by no means certain that he himself was not the cause of his own injury." "Where he has been careless, it cannot be known whether the injury is wholly imputable to the obstruction, or to the negligence of the party complaining."

In *Lane* v. *Crombie*, 12 Pick., 177, the court say: "We consider the rule to be now well settled, that to enable the plaintiff to recover, under such circumstances, he must not only show some negligence on the part of the defendant, but ordinary care and diligence on his own part."

In *Harlow* v. *Humister*, 6 Cowen, 189, the court say:— "Negligence by the defendant, and ordinary care by the plaintiff, are necessary to sustain the action."

The rule laid down in *Butterfield* v. *Forrester*, has been qualified by later decisions, in which it has been held that it did not hold good where the plaintiff, though negligent, could not, by the exercise of ordinary care, have avoided the injury. *Bridge* v. *G. I. Railway Co.*, 3 M. & W., 264. Nor where the fault of the defendant concurred with that of the plaintiff to produce the injury. *Davies* v. *Mann*, 10 M. & W., 545. Nor where, though there has been mutual neglect, the evidence shows intentional wrong. *Brownell* v. *Hagler*, 5 Hill, 282.

Although the burden of proving the exercise of ordinary care, rests on the plaintiff, yet it need not be directly shown, and may be inferred by the jury from the circumstances of the case. *French* v. *Brunswick*, 8 Shepley, 29; *Foter* v. *Dixfield*, 6 Ib., 380; *Coff* v. *Standish*, 2 Ib., 198.

In *Lane* v. *Crombie*, the court, after charging the jury as stated above, further directed them, that the burden of proof was upon the plaintiff to show negligence in the defendant, that being the gist of the action; but that when the defendant relies upon the fact that the plaintiff conducted himself carelessly, the burden of proof was upon the defendant, to show that the plaintiff had not used ordinary care. The latter part of this direction was held to be incorrect in point of law, the court saying that the burden of proof was upon the plaintiff, to show that the accident was not occasioned by her own negligence. 12 Pick., 177.

The district court, in this case, did not, in so many words, charge the jury that the burden of proof was upon the plaintiff, to show that the accident happened without any want of reasonable care on his part; yet, the instruction given, amounts in effect to that. The court, indeed, says nothing as to the burden of proof; but the jury are directed, that in order to find for the plaintiff, they must believe from the evidence, that in attempting to cross the bridge, he used ordinary care and prudence; that if plaintiff knew of the defect, or if it was apparent, and could have been seen by him, with ordinary care and prudence, and he imprudently and recklessly drove his horse upon the same, and the accident happened in consequence of such imprudence and carelessness; or if it could have been avoided by the exercise of ordinary care and prudence, they must find for the defendant.

We think the defendant cannot reasonably complain of this charge of the court. It clearly places upon the plaintiff, the burden of showing the exercise of reasonable care and prudence, before he can recover. To constitute error, it should appear that the court required the defendant to assume this burden on himself. No such fact appears by the record. After the evidence on both sides was given to the jury, the question of the burden of proof does not seem to us to have been of any practical importance. The reasonable care to be proved by the plaintiff, as before re-

marked, need not be directly shown, and may be inferred by the jury from the circumstances of the case. Angell on Highways, section 290 ; *Thompson* v. *Bridgewater*, 7 Pick., 188.

The degree of care required by the plaintiff, was such care as persons of common prudence generally exercise ; and whether he had exercised such degree of care, was a question of fact, or a mixed question of law and fact, to be determined by the jury, under the direction of the court. Negligence is the omitting to do something that a reasonable person would do, or the doing of something that a reasonable person would not do. Consequently, we think the court correctly charged the jury, that if the plaintiff knew of the defect, or could have seen the same, by the exercise of ordinary care ; and that he imprudently and carelessly drove his horse upon the bridge, and the accident occurred in consequence of such imprudence and carelessness ; or if the accident could have been avoided, by the exercise of ordinary care and prudence, they must find for the defendant. There may have been negligence in the defendant, in suffering the bridge to be out of repair, as well as in the plaintiff, in driving over it without reasonable care ; from either of which causes, the accident might have resulted. An accident may happen with the most careful driver, if the defect is in the bridge ; and though the bridge may be in a complete state of repair, even its completeness may be no sufficient security against reckless, or even careless driving.

By the sixth instruction of defendant, the court was asked to charge the jury that, "the city of Davenport, as a road district, was not bound to keep the bridge in suitable condition for crossing, for a greater width than sixteen feet." In support of the correctness of this instruction, the defendant cites section 517 of the Code, which provides that "bridges are parts of the public highways, and must be not less than sixteen feet wide." The district court, however, refused to give the instruction, and we

think not incorrectly.  The term bridge, is a comprehensive one, and embraces every structure in the nature of a bridge, over any obstruction to the highway, whether a river, ditch, or other passage for water.  Angell on Highways, section 35, 37.  Where the statute, however, says that a bridge must not be less than sixteen feet wide, we are not to understand that the road district is in no case required to construct its bridges more than sixteen feet wide.  The necessities of travel may not, in some instances, require the bridge to be wider.  A bridge, like a road, which would be safe and convenient in the country, might be totally unsafe and inconvenient in the city.  And this distinction as to width, must apply to other conditions of the bridge, or street.  A street in a crowded city, thronged with carriages, wagons, and carts, with other streets crossing the same, and all used for purposes of travel and transportation, by vehicles going necessarily at different rates of speed, would furnish very inadequate accommodation for the demands of commerce and business, if supplied with a bridge only sixteen feet wide.  Angell on Highways, section 259.  And although a road district may not be obliged to keep the whole of a highway, from one boundary to another, free from obstruction, and fit for the use of travelers, as was held in *Howard* v. *N. Bridgewater*, 16 Pick., 189 ; yet, as commerce and safety are the essential conditions of a well maintained highway, both at common law and by statute, if a bridge is built forty-eight feet wide, where the exigencies of travel seem to require it, it must be kept in good condition for its whole width.  Such was the ruling of the court in this instance.  And the rule of law, as applied to a bridge over a water course upon a road little frequented, is stronger in a city, or on a road much traveled, and particularly under the circumstances as put by the court—that if the defendant had dug the ditch to drain the surplus water to the Mississippi river, and had covered the ditch at the street crossing with boards, for the whole width of the street, it was the duty

of the city to keep it in a suitable condition for crossing upon any part of it.

This obligation of the road district, extends not only to the ordinarily traveled path of the highway, but also to the gutters and margins, and in cities, to the sidewalks. Angell on Highways, section 260. Certainly, if the defendant dug the ditch, for its own convenience, across a public street, it was its duty to provide a safe and convenient crossing for it, and to keep it in repair throughout that part of the street used for travel. If the ditch was bridged for the whole width of the street, travel was invited upon it for the whole extent of the bridge. It is no sufficient answer to say, that sixteen feet in the center of the bridge was in good repair, if the remainder was defective. The city is not only bound to keep the bridge in good repair as far as it is built, but it must afford a safe and convenient crossing for the ditch, for the whole width of the street.

Judgment affirmed.