## HENRY WISNER & CO. v. BRADY, Sheriff.

1. INSTRUCTIONS.   The Supreme Court will not interfere with the ruling of the District Court, refusing to give instructions upon abstract propositions, when the evidence received in the court below is not presented in the record, unless their necessary applicability is disclosed by the pleadings.

2. COMPETENCY OF WITNESSES.   In an action between the creditors of the vendor and the vendee, to defeat a sale of property alleged to have been made with the intent to defraud creditors, the vendor is a competent witness for the creditors, to prove facts tending to establish the fraud.

<em>Appeal from Hardin District Court.</em>

THURSDAY, DECEMBER 6.

ACTION of replevin by Henry Wisner & Co. to recover the possession of a stock of merchandise, consisting of dry goods groceries and queensware; upon which the defendant, as sheriff of Webster county, had levied a writ of attachment issued out of the District Court of said county, in an action wherein Barrett, King & Co. were plaintiffs and Woodbury &

Dawley were defendants. The petition alleged that the plaintiffs purchased said goods of Woodbury & Dawley. The answer, among other matters, denied that the property in controversy had been sold by Woodbury & Dawley to plaintiffs; and averred that if any sale was made it was for the purpose of hindering, delaying and defrauding creditors, and was fraudulent and void. Issue was joined by plaintiffs' replication. On the trial the defendant offered as witnesses Woodbury and Dawley, the vendors of the property in controversy, for the purpose of showing that the sale was fraudulent. Plaintiff objected, the objection was overruled, and the evidence received. The plaintiff asked the court to instruct the jury as follows:

1. If the jury are satisfied from the evidence, that the intention of the vendors, Woodbury & Dawley was not to defraud their creditors, then the jury can not find the sale to be a fraudulent one.

2. If the jury are satisfied, from the evidence, that the intention of the vendors was to protect their creditors, and all of their creditors, they can not find this sale fraudulent.

These instructions were refused by the court. Judgment for the defendant, and plaintiffs appeal, assigning as error the ruling of the court upon the competency of Woodbury and Dawley as witnesses, and upon the above mentioned instruction.

*James M. Ellwood* for the appellant, contended that, although the evidence is not embraced in the record, yet the pertinency of these instructions appear from the pleadings, and the issues in the case; and that this court has intimated, if not directly adjudged, that when the issues of a cause show the pertinency of an instruction it should be given, although the record does not contain the evidence, citing *McGregor, et al,* v. *Armill,* 2 Iowa 30; *Mills, Horner & Co.* v. *Mahon,* 9 Ib. 484.

*John F. Duncombe* for the appellee. The instructions are

abstract propositions of law, and there is no evidence in the record showing their pertinency. This court will not presume that the court below ruled erroneously in refusing to give them to the jury. *Rusch* v. *The City of Davenport,* 6 Iowa, 443; 1 Ib. 456; 2 Ib. 33; 16 Barb. 386; 1 Scam. 407; 1 McLean, 509; 16 Cow. 450; 26 Maine, 453; 7 Iowa, 154. Woodbury and Dawley were competent witnesses. *Adams* v. *Foley,* 4 Iowa, 44.

The points suggested and authorities cited by counsel touching the correctness of the instructions as propositions of law, are not reported for the reason that they are not passed upon in the opinion of the court.

WRIGHT, J.—It is claimed that the court erred in refusing to give certain instructions asked by plaintiff. These instructions are upon mere abstract legal propositions. None of the testimony is before us, and as under a possible state of proof, as disclosed by the pleadings, the refusal may have been here correct, we will not presume that the court below erred in such refusal. Cases may arise, where the pleadings show the necessary applicability of instructions asked and refused and where this court would consider the same without having before it the testimony adduced tending to show their pertinency. This is not one of those cases, however. One part of the answer relies upon alleged fraud upon the part of the plaintiffs and their vendors, touching the sale of the goods in controversy, while another clause in express terms denies such sale. Assuming that the instructions asked were pertinent under the issue of fraud in the alleged sale, yet for aught that is disclosed in this record no sale was proven, and the question of fraud referred to in the instructions was therefore entirely out of the case. The following cases are decisive of the views above expressed: *Rusch* v. *Davenport,* 6 Iowa, 443; *Porter* v. *Walker,* 1 Ib. 456; *McGregor* v. *Armill,* 2 Ib. 30; *Hanan* v. *Hall,* 7 Ib. 153; *Farr* v. *Fuller,* 8. Ib. 347.

The action of the court below in admitting the testimony

of Woodbury and another, is in accordance with the ruling of this court in *Adams* v. *Foley*, 4 Iowa 44.

The other points made by appellants in their argument, are not legitimate under the errors assigned and are therefore not considered.

Judgment affirmed.