## SMALLEY v. THE IOWA PACIFIC R. R. Co.

| 36 | 571 |
| 78 | 442 |
| 36 | 571 |
| 86 | 548 |
| 36 | 571 |
| 104 | 449 |
| 36 | 571 |
| 106 | 634 |
| 36 | 571 |
| 112 | 693 |
| 36 | 571 |
| 116 | 36 |

1. **Evidence**: OF DAMAGES: OPINION OF WITNESS. It was held proper, in a proceeding to appropriate a railroad right of way, to ask a witness to "state how embankments affect communication with different sides of the railroad." The question asks for a fact rather than an opinion.

2. ——— GROUNDS OF ESTIMATE. A witness on cross-examination stated at length the grounds for his estimate of the diminished value of the premises, some of which were legitimate and proper, while it was claimed others were not. *Held*, that a refusal to exclude all was not erroneous as the defendant might, by asking it, have had the court instruct the jury as to them, and their proper effect on the testimony of the witness and his estimate of damages.

3. ——— DISCRETION OF COURT. As to whether a witness in such case discloses sufficient knowledge of the market value of land in that vicinity to render him competent to testify as to the damages, is so largely a matter of discretion in the judge that his ruling thereon will not be disturbed except in a manifest case of abuse.

*Appeal from Bremer Circuit Court.*

FRIDAY, JUNE 13.

THIS is an appeal from an assessment of damages at $500 by a sheriff's jury in an *ad quod damnum* case for a railroad right of way. The plaintiff here, the owner of the land, appealed from the finding of the sheriff's jury. On a trial to a jury in the circuit court, the plaintiff recovered a verdict and judgment for $1,650.

The defendant appeals to this court.

*Smith, Fouke & Chapin* for the appellant.

*H. D. Smalley* for the appellee.

COLE, J. -- I. The plaintiff is the owner of a farm composed of six government forties, lying in a body. The railroad runs diagonally through five of them, and with the exception of three places, is continuously on cuts or fills, some of which are ten feet from the surface. The verdict of the sheriff's jury specified five only of the six forties, and stated that their assessment was for damages caused "by the location across them of the railroad." There are fifteen assignments of error, and most of them relate to questions of evidence; but an examination of one or two will substantially dispose of all.

**1. EVIDENCE:** opinion of witness.

The plaintiff asked a witness to "state how embankments affect communication with different sides of the railroad?" The defendant objected, because "the question is not confined to land where the embankment is; it is not legitimate, and does not enter into the measure of damages in this action." The objection was overruled, and the witness answered: "So far as passage from one side of the track to the other, with farm implements, is concerned, it is at present destroyed." The defendant also objected to the answer, and asked to exclude it, which was refused.

In the argument at bar these objections were pressed with acumen and power. The objection, that the question asked

for and the answer gave but the opinion of the witness, was largely discussed. We concur with counsel as to the ground and necessity for excluding opinions of witnesses as a rule. But we do not agree in his statement, so far as appears from the record, that the whole case was tried on the theory that conjecture and opinion of witnesses should be the basis of the verdict. The question really calls for facts resulting from the embankment, and the answer gives one fact, the truth of which is very manifest. That one or more farm crossings would be made, under the statute, or damages afterward be awarded for the failure, whereby the then present impossibility of communication would be relieved from, was a matter thereafter to be inquired into and explained.

As to the objection, that the inquiry was not confined to the land where the embankment is, it may have a two-fold phase. *First.* It may be claimed to relate to embankments generally, and not to the particular one in question. But the witness had just testified about the embankments and fills on the land in controversy, and could not, in any reason, have understood the question to refer to any other embankments than the ones about which he had testified. *Second.* It may be claimed that the objection refers to the idea that the plaintiff owned six forties, and that the verdict appealed from contains specific reference to only five of them, while the question allows the witness to answer as to the effect upon all six, upon one of which the embankment is not. It is true that the verdict of the sheriff's jury only specifies five forties; but that fact by no means negatives the idea that they assessed damages for all. Their verdict shows that they assessed damages to the plaintiff, caused "by the location across *them,*" to-wit : The five forties specified. The damages assessed properly related to all the lands described in the notice or owned by the plaintiff, in that body or farm, although the damages were caused by the location across one, three, five or more of the forties. We conclude that it was proper, therefore, for the question to relate to all the plaintiff's land in that body and farm. We also think that the question asked for and the answer gave a fact

legitimate and proper to enter into the measure of damages in this action.

II. A witness had testified on direct examination that the whole farm, before the road was constructed, was worth $35 per acre, and only $25 after. On cross-examination, the defendant's counsel asked the witness "Upon what basis do you estimate the value of the land to be $25 per acre with the road located and in successful operation across it?" Answer. The main point is simply this, that the purchaser would not be willing to pay more than $25 per acre for the land after the railroad was located and built, if it could be done on the same day. The other items of damage to the land, in my estimation, would be: first, an absolute loss of real estate for farming purposes; second, the disarrangement of tillable and meadow lands, throwing it into triangular shape; third, for a continual loss of time and labor; another item is or might be estimated from the unsightly appearance of the farm; another item is the continual danger to live stock while cultivating, and stock running to pasture; another item is the unpleasantness of bituminous coal smoke so close to a man's residence; another item, not distinctly referred to, is the obstruction of their track over the property, in cultivating and for any other purpose. These are the main reasons."

*2. —— grounds of estimate.*

The defendant moved to exclude this witness' evidence as to the amount of damage, because the bases given are too remote and consequential, etc. This was overruled, and such ruling is assigned as error. It was not error to overrule the motion. Some, if not all the bases, were legitimate and proper; and if any were not so, the defendant might, by asking it, have had the court instruct the jury as to them and their proper effect upon the testimony of the witness and his estimate of the damages.

III. Several assignments of error relate to the admitting and refusing to admit estimates by witnesses of the damages to the land by reason of taking the right of way for the railroad. The several rulings were based

*4. —— discretion of court.*

upon the showing or failure to show sufficient knowledge of the market value of the land in question and that in its vicinity. In view of the fact that often a large number of witnesses are called to testify in such cases; and owing to the dense or sparse population, many or few witnesses are to be obtained having full and thorough knowledge of the value of the land, and for other reasons, needless to specify, this matter is largely in the discretion of the court, and without manifest abuse of such discretion which is not shown in this case, an appellate court ought not to interfere.

IV. Error is also assigned upon the refusal to give the following instruction asked by the defendant: "It is only incumbent upon plaintiff to show generally the market value of the land in question before and after the appropriation, and if it is shown by cross-examination or otherwise, that witnesses, in estimating the depreciation in value of the land, took into consideration the remote consequences of such appropriation, the estimate of such witnesses, based upon such consideration, should not be considered by you in determining your verdict." The court refused this instruction, having before given the following: "The compensation to which the plaintiff is entitled is the full and fair value of the land appropriated, and in addition thereto, such sum as will compensate him for the depreciation in value of his adjoining land by reason of such right of way, irrespective of any benefits of the road to the land. In estimating these damages, only such facts should be considered by the jury as affect the market value of the land. Speculative and contingent, or future damages, cannot be allowed, and testimony in regard to them should be disregarded by the jury."

Having given the latter instruction, it was not error to refuse the former, even if it be considered as stating a correct proposition; since the latter embraces the correct rule of law applicable to that branch of the case.

This disposes of all the questions made by appellant, and leads us to order the judgment of the circuit court to stand

Affirmed.