Goddard v. Leffingwell.

## GODDARD v. LEFFINGWELL.

1. **Evidence:** WHEN AN ADMINISTRATOR IS A PARTY.  The interest which would disqualify a witness when an administrator is a party, is such as would disqualify him at common law.  Where he is equally interested on both sides, he is competent to testify.

2. **New Trial:** NEWLY DISCOVERED EVIDENCE: DILIGENCE.  An application for a new trial upon the ground of newly discovered evidence should be accompanied by a showing that diligence was used to discover it before trial.

*Appeal from Clinton Circuit Court.*

FRIDAY, MARCH 19.

THIS is an action to recover of the defendant, as administrator of the estate of C. E. Leffingwell, deceased, the sum of $1520, alleged to have been contained in a package of money deposited by the plaintiff with said decedent for safe keeping in November, 1869.    Answer in denial.    The cause was tried to a jury in January, 1874, who found for plaintiff $970, with six per cent from March 25, 1873.    The defendant appeals.

*Wm. E. Leffingwell & Bro.,* and *Foster & Bice,* for appellant.

*Walter I. Hayes, George B. Young* and *J. Stine,* for appellee.

COLE, J.—I. Upon the trial the plaintiff introduced, as a witness, one E. Carter, who testified that he was a member of

**1. EVIDENCE: when an administrator is a party.** the firm of Rogers & Carter, who occupied as tenants the store-room belonging to the decedent, during 1868–'69–'70, and that said firm used a safe therein in common with said decedent—each having a key and access to it—that he saw the package of money in the safe, and himself took therefrom $300, and gave credit for it to this plaintiff on the books of Rogers & Carter. He then testified to certain conversations with the decedent respecting said money and its ownership by plaintiff. The defendant moved to exclude this testimony so far as it related to the transactions and communications with the decedent, on the ground that the witness is interested in the result of the suit. The motion was overruled, and hereon the first error is assigned.

Under our statute, a person interested in the event of an action wherein an administrator is a party, is not competent to testify in regard to transactions or communications between him and the deceased. Code, Sec. 3639. But this evidently means such an interest in the event as would, at the common law, disqualify a witness. Where a witness is equally interested on both sides, such interest will not disqualify. 1 Greenl. on Ev., § 420; *Kingsbury v. Buchanan*, 11 Iowa, 387. In this case the witness, Carter, is equally interested on both sides—if the $300 taken belonged to the decedent, the witness must account for it to the estate; if to plaintiff, then he must account to him.

II. The plaintiff was introduced as a witness, and testified as to the contents of the package which was in the safe and spoken of by the witness, Carter. He was then asked, "what did you do with that money?" Upon defendant's objection, the court ruled "that the witness may answer the question if he can do so without stating a communication or transaction with the decedent in relation to said package." The witness stated that he could not answer it without doing so, and the question was not answered. Several other like questions were put to the witness with the same result. The defendant now

assigns error thereon. But his objections were sustained, and the record does not show either exception to the ruling or prejudice to the party.

III. An affidavit of newly discovered evidence was filed, and thereon and for other causes a new trial was asked. The 2. NEW TRIAL: absence of a sufficient showing of diligence newly discovered evidence: diligence. thereon. We cannot, under the oft-repeated rule, disturb the verdict upon the evidence.

AFFIRMED.