WALTER McCAULL, by His Next Friend, Appellant, v. PERRY BRUNER and WILLIAM BRUNER.

Negligence: Insufficient Petition. It is not negligence to allow a boy nine years old to remain where small trees are being chopped down. A general allegation that the boy's foot was "negligently cut with an ax" is insufficient when it is not charged that the ax was negligently used.

*Appeal from Decatur District Court.*—HON. H. M. TOWNER, Judge.

SATURDAY, MAY 19, 1894.

THIS is an action at law to recover damages for a personal injury, which it is alleged the plaintiff received

by reason of the negligence of the defendants. The defendant William Bruner filed a demurrer to the petition. The demurrer was sustained, and judgment was rendered in favor of William Bruner for costs. Plaintiff appeals.—*Affirmed.*

*Harvey & Parrish* for appellant.

*C. W. Hoffman* for appellee.

Rothrock, J.—I. As the cause was determined upon a demurrer, it is necessary to set out the averments of the petition. The petition states the alleged cause of action without unnecessary elaboration, and we will here insert all of it, except that part pertaining to the damages claimed. It is as follows: "Defendant Perry Bruner is a minor, about twenty years old, and the defendant William Bruner is the father of said Perry Bruner. That the plaintiff is a small boy, only ten years old. That in the month of March, 1892, and before plaintiff was nine years old, the defendants negligently permitted him to go where they were chopping down small trees, and negligently permitted plaintiff to remain where they were chopping. That plaintiff was of such tender years, and was wholly ignorant of the danger to which he was exposing himself by reason of his inexperience and lack of knowledge. That the defendant Perry Bruner was in the employ and working for the defendant William Bruner, and was under his immediate control and supervision. That said William Bruner saw and knew that plaintiff was exposing himself to danger and harm, and was liable to get hurt, and negligently permitted him to remain where he and the other defendant were chopping, although the plaintiff, on account of his tender years and inexperience, was not aware, and did not know, that he was exposing

himself, or that he was liable to be hurt by defendants. That a person of ordinary prudence, such as the defendants are, should have known that plaintiff was exposing himself to danger, and required him to leave. That the defendant Perry Bruner, while working for and with the other defendant, and under his control, and in his immediate presence, negligently cut plaintiff's foot with an ax, across the instep, and inflicted a very severe and dangerous wound on the plaintiff, which said wound so inflicted by the defendant caused plaintiff to suffer great physical and mental pain, and still causes him to suffer pain." The demurrer is in these words: "Comes now defendant William Bruner, and demurs to plaintiff's petition filed herein, for the reason that the same states no cause of action against this defendant, for the reason that the petition shows upon its face that this defendant is not liable in any manner to the plaintiff; that the injury was wholly caused by the independent acts of Perry Bruner, and this defendant was not liable for acts of Perry Bruner."

The counsel for appellant presents two propositions in argument. The first is stated in the following language: "It was negligence on the part of appellee to permit the appellant to remain where he and his son were chopping down trees, because of his tender age and inexperience, and because the appellee, as a reasonably prudent man, must have known that appellant was exposing himself to danger, and should have required him to leave the premises." Before proceeding to determine this question, it is proper to say that, under the averments of the petition, it does not appear that the plaintiff was in any danger by reason of falling trees, and he was not injured thereby. It appears from the petition, that the defendants were chopping down small trees, and that they permitted plaintiff to remain near where they were at work. If there was danger

from the falling trees, and the defendants omitted to warn the plaintiff, and direct him to get out of the way, it may be that, in view of his tender years, there might be some ground for the claim that appellee was chargeable with negligence. But that question is not presented by this petition. The falling of the trees had no more connection with the injury than if the defendants were engaged in chopping logs lying on the ground. Much has been written in definition of legal negligence. In *Rusch v. City of Davenport*, 6 Iowa, 443, the following rule is announced: "Negligence is the omitting to do something that a reasonable person would do, or doing something that a reasonable person would not do." This is a very general statement of the law. We need not cite further authority. The principle is elementary and well understood. Applying it to the averments of this petition, we have no hesitancy in holding that, where a boy nine years old comes upon the ground where men are chopping with axes, there is nothing in reason nor in the law that requires the men engaged in work to cause the boy to leave the premises. It ought to be held as a matter of law that there was no reason to apprehend that the boy would come within the range of the axes.

II. The second point presented in argument is that appellee is liable because of the negligence of his son, who was under the control of appellee, and in his employ. It is averred in the petition that the injury occurred in the immediate presence of appellee. But it is not alleged that appellee, because of his presence, could have prevented the injury, except by removing the plaintiff from the place. The contention is that appellee is liable because the injury occurred by reason of the relation of master and servant. The fact that appellee was present when the injury occurred is wholly immaterial in determining this question. The right to

recover is put upon the broad ground that appellee is liable for the negligent act of his employee, and if he is liable, his presence is a fact of no consequence.

It will be observed that no specific act of negligence as to the manner of using the axes is charged in the petition. The negligence relied on is that the plaintiff was permitted to remain where the defendants were at work. It is alleged in general terms that Perry Bruner "negligently cut plaintiff's foot with an ax." In the absence of an averment that the ax was negligently used, we think that the negligence complained of consisted in omitting to drive the plaintiff away from where the defendants were at work. This must have been the intention of the pleader, for, surely, it can not be seriously claimed that a boy nine years old would place himself under the falling ax of a woodchopper, or that, if such was the case, he would have any right to recover for an injury received as the result of his own culpable negligence. The liability of a master for the negligence of his servant for acts done within the scope of his employment is well understood. We prefer not to discuss that question on this appeal. It is not necessary to determine it in this case. We merely apply the facts set forth in the petition to what we regard as the law of the case. We have not followed the line of argument of counsel on the question last considered. The principle we announce is, however, fairly involved in the pleadings, and we think the court correctly determined that the petition did not state a good cause of action against the appellee. AFFIRMED.