ABRAM LOZIER, Appellant, v. ABNER GRAVES.

**Principal and Agent.** The releasing of a mortgage by a cashier,
which mortgage is not connected with his duties as cashier, does not
bind his employer, where there is no authority to act, outside of the
employment as cashier, except on special instructions.

**Evidence: Practice.** Where it is sought to be shown that no authority
was given to an alleged agent, it is proper to ask the alleged princi-
pal, "You gave no authority to settle them?" without first having him
state what authority he did give.

**SAME: CONCLUSION.**   On the issue what consideration there was for a
reconveyance, a statement that witness "was to have back all the
notes that were executed for the land and the mortgages were to be
satisfied" is not a mere conclusion.

**Guaranty: Release.** Where a reconveyance is taken in satisfac-
tion of a guaranteed debt, the guarantor is released.

*Appeal from Crawford District Court.*—HON. C. D.
GOLDSMITH, Judge.

SATURDAY, MAY 26, 1894.

PLAINTIFF states, as his cause of action, that the defendant executed and delivered to him an instrument in writing as follows:

"DOW CITY, IOWA, July 15, 1882.

"For value received I hereby guarantee the payment of the interest to accrue for two years from this date on twelve sundry notes signed by Charles R. Talcott and Daniel W. Grace (six notes each), aggregating the sum of three thousand, eight hundred dollars; same having been given in payment for the north half of section 36, 82, 40, bought of Abram Lozier, of Aurora, Indiana, and said notes payable to his order at Dow City Bank, in Dow City, Iowa.

"[Signed]                    ABNER GRAVES."

He states that the first year's interest has been paid, and that the interest for the second year, amounting to three hundred and eighty dollars, is unpaid, wherefore he asks to recover that sum from the defendant, with interest and costs. Plaintiff sued out an attachment in the action, on the ground "that the defendant is about to dispose of his property with intent to defraud his creditors." The defendant answered, admitting the execution and delivery of said writing to plaintiff, and that the first year's interest was paid. He alleges as defense that the full amount of interest, and all liability incurred by the execution of said writing has been fully paid and settled; that said twelve notes were given to the plaintiff for the purchase price of certain land in Crawford county, and that to secure the payment of said notes the makers thereof made and delivered to the plaintiff mortgages on said land; that afterward said Talcott and Grace reconveyed to the plaintiff all of said real estate in full payment of said notes and interest, and of said written instrument, wherefore there is now nothing due on said instrument from the defendant to the plaintiff. The defendant further states as a defense, that the plaintiff,

being the holder and owner of said mortgages, released and discharged the same without the knowledge or consent of the defendant, wherefore defendant was discharged from all liability upon said writing. Defendant also pleads in bar of the action that no demand was made upon him for the payment of the interest claimed, prior to the commencement of this action. The defendant alleges, by way of counterclaim, that the attachment herein was wrongfully, illegally, willfully, and maliciously sued out by the plaintiff, and levied upon his property, to his damage in the sum of eight hundred dollars, which, with exemplary damages, he asks to recover on the attachment bond. Defendant alleges, as a further counterclaim, that the plaintiff indorsed to him, without recourse, one of the six notes executed by said Talcott, being for fifty dollars, and one of the six executed by Grace, being for one hundred and fifty dollars, which notes were secured by said mortgages; that the defendant is the owner of said two notes, and that no part thereof has been paid, except five dollars and thirty-eight cents on Talcott's note, and seventy dollars and thirteen cents on Grace's note; that said notes were secured by said mortgages; and that on or about the twenty-second day of November, 1889, the plaintiff, without the consent of the defendant, released and discharged said mortgages, and canceled the same of record, and afterward sold the land described in the mortgages to one Slocumb, who had no knowledge of defendant's rights in said mortgages. Defendant alleges that by reason of said wrongful release he has wholly lost his lien upon said land, and that said Talcott and Grace are both insolvent, wherefore he asks to recover the amount due upon said notes from plaintiff, together with attorney's fees provided therein. Defendant stated, by way of amendment, that at the time the plaintiff commenced this action there was

nothing due him upon the cause of action set forth in his petition. Plaintiff, in reply, admitted suing out the attachment, and the execution of the notes and mortgages by Talcott and Grace, but denied that said note of Talcott for fifty dollars, and said note of Grace for one hundred and fifty dollars, were secured by said mortgages, "and says there is now nothing due or owing on said notes, the same having been settled by Talcott and Grace." Plaintiff further admits that Talcott and Grace reconveyed said land to him, but denies that said conveyance was in satisfaction of the debt due plaintiff, secured by said mortgages, and alleges that said reconveyance was with the knowledge and consent, and at the instance of the defendant, "and that thereby the said mortgages became merged in the superior title so acquired to said premises, and ceased to have any legal existence, or to be a lien upon said property, and the defendant is estopped thereby to claim damages by reason of said release." Plaintiff's motion to transfer the cause to equity was overruled, and thereupon the case came on for trial before the court and a jury. The court instructed the jury to find for the defendant on the cause of action stated in the plaintiff's petition, and withdrew from their consideration defendant's counterclaim for damages for the alleged wrongful suing out of the attachment. The case was submitted upon the issues joined on defendant's counterclaim, wherein he asks to recover the amount due upon the two promissory notes held by him. A verdict was returned in favor of the defendant for three hundred and fifteen dollars and twenty-three cents, and, plaintiff's motions for a new trial and in arrest of judgment being overruled, judgment was entered on the verdict for the amount thereof, and for one hundred dollars attorney's fees for resisting and defending against said attachment.—*Affirmed.*

*Nash, Phelps & Green* for appellant.

*J. P. Conner* for appellee.

GIVEN, J.—I. The following statement of facts will be sufficient for the purposes of the questions discussed: Prior to July 15, 1882, the defendant, then doing business at Dow City Crawford county, as a private banker and real estate broker, acting for the plaintiff, a nonresident, sold a certain tract of land to Charles R. Talcott and to Daniel Grace, each taking a part thereof. In pursuance of this sale, the plaintiff conveyed the land to Talcott and to Grace, receiving as the only payment seven promissory notes from each purchaser, secured by mortgages on the land so sold. The plaintiff indorsed to defendant, without recourse, the first note of Talcott, being for fifty dollars, and the first note of Grace being for one hundred and fifty dollars, mentioned in said mortgages, in payment of defendant's commissions, and the defendant executed to the plaintiff said written guaranty. Talcott and Grace both failed to pay more than the first year's interest, and on February 21, 1889, each reconveyed to the plaintiff the land purchased, and the plaintiff executed releases of said mortgages, which releases were filed for record July 21, 1890. The defendant continued to hold and own the notes assigned to him, and no payments were made thereon, except as stated in the answer. There is no dispute as to these facts, but it is questioned whether said reconveyances and satisfactions were made with the knowledge and consent of the defendant. Plaintiff claims that the negotiations for the reconveyances and releases were made through a Mr. Crowell, who acted for the defendant. Defendant denies that Mr. Crowell had authority to act for him in the matter, and denies that

he had knowledge of, or consented to, the reconvey-
ances and satisfactions of the mortgages.

II. Plaintiff's first complaint is of certain rulings
on the examination of the witness Grace, called by the
defendant. Grace, having given testimony tending to
show that the reconveyances and releases were in pur-
suance of an arrangement with the plaintiff, in
person, was asked what the consideration for
the reconveyance was, to which he answered, "I
was to have back all the notes that were executed for
the land;" also, that "the mortgage was to be satis-
fied." Plaintiff objected as incompetent and immate-
rial, and contends that the objections should have been
sustained, as the answers stated conclusions, not facts.
It is quite common for just such statements to be
made, in giving evidence; and while, in a sense, they
are conclusions, yet they are also statements of facts.
No prejudice can follow from admitting such state-
ments, as it is the privilege of a cross-examination to
ascertain upon what they are based. On cross-exami-
nation, plaintiff inquired as to transactions with Mr.
Crowell with respect to the reconveyances. Defend-
ant's objections were rightly sustained, because it was
not proper cross-examination, the witness not having
been asked in chief as to transactions with Crowell.
Even if the rulings were erroneous, they were without
prejudice, as the transactions with Crowell were fully
inquired about afterward. Plaintiff also complains
that the defendant was permitted to testify as to the
effect of the attachment upon his business, etc. It is
argued that defendant's counterclaim upon the at-
tachment bond was not withdrawn from the considera-
tion of the jury, because the court inadvertently gave a
wrong number to the count. It is entirely clear that
that cause of counterclaim was taken from the jury,
and was not considered by them. Therefore, there
could be no prejudice in admitting the testimony

objected to. Defendant was asked, "You gave Mr. Crowell no authority to settle them?" referring to the notes set out in defendant's second counterclaim. The defendant answered, "No, sir; none." Plaintiff complains that the witness was not asked to state what directions he did give Mr. Crowell. If the answer is correct, he gave him none, and this negative could not be proven in any other manner. Plaintiff also objected to testimony of the defendant to the effect that he had conveyed the land levied upon under the attachment merely to secure the debt. The objection is upon the ground that this is a law action, and that parol evidence is not admissible to show that a deed absolute on its face was intended as a mortgage. This evidence relates to defendant's counterclaim on the attachment bond, and, that claim having been withdrawn from the jury, there was no prejudice in admitting the evidence, even if erroneous.

The defendant moved for a verdict on the plaintiff's cause of action upon the following, among other, grounds: That the evidence shows without conflict that the notes, the payment of the interest on which the writing sued upon guaranties, have been paid in full by reconveyance of the land to the plaintiff. The evidence tends to show that one of the conditions of the settlement between plaintiff and Talcott and Grace was that the latter should give to plaintiff their promisory note, with security, for five hundred dollars. This was not done, but plaintiff did not insist thereon, but accepted the reconveyance, and released the mortgage in full, thereby waiving his right to the five hundred dollar note. It is true that the reconveyance and release were after the second year's interest accrued. That interest was primarily due from Talcott and Grace, and in no event due from the defendant, except upon their failure to pay. The evidence does show, without conflict, that the reconvey-

ance of the land was in full satisfaction of all the lia-
bilities of Talcott and Grace, growing out of its pur-
chase. Hence, the mortgage was satisfied in full.
Thus, it appears beyond question that Talcott and
Grace were not indebted to the plaintiff for this interest,
and consequently the defendant stood released upon
his guaranty as effectually as if Talcott and Grace had
paid the interest money. The indebtedness guaran-
tied having been thus satisfied, it is certainly clear
that the defendant was not liable upon his guaranty,
and that the motion was properly sustained. Enter-
taining this view, the other grounds of the motion need
not be noticed.

III. Plaintiff moved for a verdict on the second
count of defendant's counterclaim, and by that mo-
tion, and his motion for a new trial, presents the
question of the sufficiency of the evidence to sustain
the verdict in favor of the defendant on that count. In
that count, the defendant asks to recover the balance
unpaid on the two notes held by him, upon the ground
that by receiving the reconveyance of the land, and
releasing the mortgages, without the consent of defend-
ant, and conveying the land to an innocent purchaser,
plaintiff had defeated defendant's lien upon the land,
and his ability to collect the amount due to him, be-
cause of the insolvency of Talcott and Grace. Plain-
tiff replied that the reconveyance of the land was with
the knowlege, consent, and at the instance of defend-
ant. Upon this issue of the fact the evidence is con-
flicting, and the question was very properly submitted
to the jury. We can not say that the jury were not
warranted in finding that the reconveyance and satis-
faction of the mortgages were without the knowledge
or consent of the defendant. This view involved in-
quiry into the authority of Crowel to bind the defend-
ant in this transaction. Plaintiff asked an instruction
to the effect that if Crowel, while acting as cashier of

defendant's bank, conducted the transaction by which the land was reconveyed, "then, in law, the defendant will be deemed to have assented to this transaction." This instruction was properly refused, for it does not appear that the transaction pertained to the employment as cashier, and does appear that, as to matters outside of that employment, Mr. Crowel only acted for the defendant under special instructions. The court properly submitted, as the only question for the jury to determine, whether the release and discharge of the mortgage securing the defendant's notes was without his knowledge or consent, and if so, whether he had been damaged thereby. Plaintiff complains that his allegation in his reply that the notes which defendant held had been settled by Talcott and Grace was not submitted to the jury. There was no evidence that the notes had ever been settled, or paid to the defendant, but simply that they had been settled with the plaintiff. Hence, there was no error in not submitting this issue. Our examination of the record leads us to the conclusion that the judgment of the district court should be AFFIRMED.