R. M. HICKS, Administrator of the estate of D. PENCE, v. J. H. WILLIAMS, Appellant.

**Competency of Witnesses:** NOT DESTROYED BY BEING MADE PARTY: *Amendment without notice, adding party.* Where a witness lives beyond the jurisdiction of the court, and is not served with notice of the suit, he is not disqualified from testifying by deposition to a personal transaction with plaintiff's intestate by the filing of an amendment to the petition naming him as a party, since such amendment is not sufficient to make him a party thereto.

SAME: *Witness liable without reference to result of suit.* Code, section 4604, which prohibits a person adversely interested in a suit against an administrator, etc., from testifying to a personal transaction with intestate, does not prohibit the principal on a note, who pays it, and turns it over to the plaintiff's intestate, and becomes liable to him thereon, from testifying thereto in an action by the administrator against a surety, in which the latter relies on such payment as a defense, since the principal is liable thereon in either event.

**Evidence:** CALLING FOR CONCLUSIONS. Where a surety on a note contends in an action thereon that it was paid to an inter-

mediate holder by the principal, the latter can not be asked if he paid the note to such holder, since such question calls for a conclusion, but he should be interrogated as to the facts showing such payment.

*Appeal from Appanoose District Court.*—HON. FRANK W. EICHELBERGER, Judge.

WEDNESDAY, JANUARY 16, 1901.

ACTION by the administrator of Daniel Pence, deceased, against J. H. Williams, on a note executed by the latter as security with G. W. Randall as principal. Shortly before the trial, by amendment to the petition, Randall was made party defendant, though he was not served with notice, made no defense, and was then a resident of Arkansas. Williams pleaded payment by Randall to an indorsee, J. A. Donover. The only evidence introduced was that contained in a deposition of Randall. The court directed a verdict for plaintiff, and judgment was entered thereon. The defendant Williams appeals.—*Reversed.*

*Mabry & Payne* for appellant.

*Vermillion & Valentine* for appellee

LADD, J.—An indorsement on the back of the note indicated its transfer to Donover, to whom it was asserted Randall had made payment. After the latter had testified to his acquaintance with the parties and knowledge of Donover's ownership of the note, he was asked, "Did you, while Mr. Donover held said note, pay him the amount due thereon?" On the objection that this called for the conclusion of the witness, the answer was excluded. This question involved the very issue the jury were to pass upon. An affirmative answer, if true, would have established the defense, and ended the controversy. It was equivalent, in view of Donover's unquestioned ownership, to asking if he had sat-

isfied the note. Preliminary or collateral inquiries, calling for facts depending somewhat on others as a basis, have often been held proper. Among the cases so holding are the following, cited by appellant: *Gault v. Sickles,* 85 Iowa, 266; *Funston v. Railway Co.,* 61 Iowa, 455; *Smalley v. Railroad Co.,* 36 Iowa, 571; *Boothby v. Brown,* 40 Iowa, 107. But it may be safely laid down as a rule that this must be avoided where the question goes directly to and involves the iden- tical issue to be tried. *Farmer v. Brokaw,* 102 Iowa, 252; *Miller v. Boone County,* 95 Iowa, 10; *Ward v. Dixon,* 96 Iowa, 712; *Eggleston v. Mason,* 84 Iowa, 630. All that was held in *Hale v. Gibbs,* 43 Iowa, 383, was that calling for an inten- tion was asking for a fact rather than a conclusion. In *Lozier v. Graves,* 91 Iowa, 482, the absence of facts was sought to be shown, and might have been done in no other way. Neither the question nor its relation to others is dis- closed in *Jamison v. Weaver,* 81 Iowa, 216, and it may well be assumed that preliminary thereto the evidence was such as to leave the answer "whether the services sued for were under the contract" a statement of fact, rather than a con- clusion. Payment of a note may be either in money or its equivalent, and accomplished in many different ways. See 16 Enc. Pl. & Prac. 206, and notes. And it has even been said that an answer setting out the particulars of pay- ment would be bad because pleading the evidence of a fact rather than the fact itself. *Bank v. Sherman,* 33 N. Y. 69. However this be regarded, it is plain that full payment is a fact ordinarily to be inferred from several circumstances— such as computation of the amount due, the commodity turned over to the holder, whether accepted, and the like— and, when this is the issue to be tried, a witness ought to be required to detail the circumstances, and leave the inference solely for the jury.

II. The testimony of Randall to certain personal com- munications with the deceased was erroneously excluded. The

mere filing of an amendment to the petition, naming him as a party, a few days before the trial, did not make him such. He was never served with notice, and lived beyond the jurisdiction of the court. In *Williams v. Barrett,* 52 Iowa, 637, and *Burton v. Baldwin,* 61 Iowa, 284, the persons whose evidence was excluded were parties of record. No person can be made a defendant in an action except by service of notice, or by his consent through voluntary appearance. It is only when so connected with the proceedings as to be bound by the result that any one may be said to be a party thereto, and he must be made one in the manner prescribed by law. *Robinson v. Board,* 37 Ind. 333; *Marshall v. Drayton,* 2 Nott & Mc. 25; 15 Enc. Pl. & Prac. 466a.

III. Nor was this testimony properly excluded on the ground of interest. It appears from the circumstances disclosed that Randall's liability to plaintiff will not be affected by the judgment in this case. If the payment was made, it was with the distinct understanding that Pence should hold the note against him. If satisfied by the surety, he will be liable to him. In such a situation the interest of a witness was not such as to exclude his evidence at the common law, and a like meaning is accorded to that word as found in section 4604 of the Code. *Dubuque Lumber Co. v. Kimball,* 111 Iowa, 48; *Goddard v. Leffingwell,* 40 Iowa, 249; *Fuller v. Leudrum,* 58 Iowa, 353; *Kingsbury v. Buchanan,* 11 Iowa, 387; *Adams v. Foley,* 4 Iowa, 43; *Wisner v. Brady,* 11 Iowa, 248; 1 Greenleaf Evidence, section 399. The complaint of the ruling on particular interrogatories is disposed of by *Walkley v. Clarke,* 107 Iowa, 452. With Randall's testimony concerning communications with the deceased, a case was made out for the jury.—RE-VERSED.