GEORGE W. ANDERSON, Appellant, v. THE BOARD OF SUPERVISORS OF CLAY COUNTY, IOWA, and DRAINAGE IMPROVEMENT DISTRICT No. 6.

**Drainage:** DAMAGES: EVIDENCE. In an action for damages because
1 of the construction of a drainage ditch over plaintiff's land it may be shown on behalf of the drainage district that approaches to the ditch have been provided for without expense to the plaintiff, to avoid a recoverable element of damage.

**Same.** The value of the land actually taken for the construction of
2 a drainage ditch is always an element of damage to be considered in determining the amount of the landowner's recovery.

**Same.** Where a ditch is constructed for the purpose of straighten-
3 ing the channel of a river, evidence that the old channel would probably fill up and become tillable land after a diversion of the water is competent; and that such has been the case in other like instances may be shown, on the question of damage.

*Appeal from Clay District Court.*—HON. A. D. BAILIE, Judge.

WEDNESDAY, DECEMBER 13, 1911.

APPEAL from an award of damages for the proposed construction of a ditch across plaintiff's land.—*Affirmed*.

*George A. Heald,* for appellant.

*L. E. Francis* and *Buck & Kirkpatrick,* for appellees.

SHERWIN, C. J.—This action was brought to recover damages for the construction of an open ditch across the plaintiff's land. The petition alleged that the ditch had been established, and that, when constructed, it would be about forty-three feet wide at the top and about ten feet deep. There was a trial to a jury, and a verdict for the plaintiff for $250.

I.    The defendants pleaded that they had provided for the construction of approaches to the ditch by excavating the banks thereof so that stock would have access thereto and passageway across the same. The plaintiff's motion to strike this allegation was overruled, and the ruling is assigned as error.    Our attention has not been called to any statute requiring the construction of crossings or approaches by the drainage district, but the impaired convenience and use of the land on account of the ditch are proper elements to be considered in estimating the damages which will be suffered by the landowner; and we see no reason why it is not proper to show in an action of this kind that the drainage district is willing to stand the expense of constructing adequate approaches or crossings, and has made provision therefor in the contract for the construction of the ditch. If such crossings or approaches are necessary to the convenient use of the land and the drainage district constructs them, or agrees with the landowner to construct them where needed, their cost should not thereafter become an element of the damages recovered by the landowner. In an action to recover damages for the construction of a ditch, a stipulation to construct and maintain a bridge over the ditch was held admissible in *Smith et al. v. Claussen Park Dist.,* 229 Ill. 155 (82 N. E. 278).    For the reasons above indi-

<div style="margin-left:2em; font-variant:small-caps; font-size:smaller;">I. DRAINAGE: damages: evidence.</div>

cated, the court did not err in permitting the defendants to show that they had made provisions in their contract for the ditch for the approaches in question, and this without expense to the landowner. Moreover, the plaintiff's witnesses based their estimate of the damage to him, in part, on the necessity of bridges or approaches, and the evidence of the defendants was competent for that reason alone.

II. Complaint is made because the court instructed that in estimating the plaintiff's damages the value of the land actually to be used for the construction of the ditch should be considered. The value of the land so taken is always to be considered, and there was evidence of the amount that would be taken and its value. *Smalley v. Railroad Co.,* 36 Iowa, 571; *Pingery v. Railroad Co.,* 78 Iowa, 442.

2. SAME.

III. The ditch in question was a long one, and one of its purposes was to straighten the channel of the Ocheyedan river, a very crooked stream that also ran through the plaintiff's land. Some of the plaintiff's witnesses said that in estimating the damage to the plaintiff's tract they took into consideration the fact that after the construction of the ditch there would be two watercourses through the land instead of one, and there was evidence touching the question whether the old channel of the river would eventually fill up so that it could be cultivated. On this question, one of the defendant's witnesses testified that he had known of a similar situation elsewhere, and that the bed of the stream did fill up so that it was in cultivation in a few years after the construction of the ditch. The question whether the Ocheyedan river bed would fill up after the water was diverted into the ditch so that it might in time be cultivated was competent on the question of damage to the plaintiff's farm as a whole, and we think the testimony of the witness as to what he had observed elsewhere, under similar conditions,

3. SAME.

was rightly received. The appellant filed a motion to strike the appellees' additional abstract because it was not filed within the time specified by the rules, and, further, because it was unnecessary. The motion is overruled, but the printing of ten pages thereof will be taxed to appellees. The judgment is *affirmed*.