BERRY v. DAVIS.

*Appeal from Howard District Court — Saturday, June 20.*

THIS is an action to recover the value of certain services rendered by plaintiff, who is an attorney at law, in several suits brought by or against defendant. There was a verdict and judgment for plaintiff. Defendant appeals.

*L. Bullis*, for the appellant — *Noble, Hatch & Frese*, for the appellee.

BECK, Ch. J. — I. In the progress of the trial, after the plaintiff had introduced evidence of his services rendered in a certain action, for which he claims to recover in his petition, he was asked, being upon the stand as a witness, what was effected or accomplished by his services. He replied, stating the amount recovered in the action. The question and evidence was objected to, and the objection overruled by the court. We think the court was correct in this ruling. Upon the success of services of this kind, their value greatly depends. Besides it is a criterion of diligence and ability exercised by the attorney which deserves and should receive consideration, in estimating the value of his services. The evidence elicited by the question objected to was, therefore, competent and pertinent.

II. One of the actions in which plaintiff rendered services sued for, was against a railroad company, and was settled. Certain payments under this settlement were made by another railroad company. A witness in response to a question, stated that the last company succeeded to the use and occupation of the road of the first. The question was objected to as incompetent and irrelevant. It does not so appear to us. But be that as it may, substantially the same evidence, unobjected to, was given by this witness in another answer. The defendant is precluded from insisting upon his objection for that reason.

III. The defendant had two suits against different railroads, both of which were settled. A witness testified that the suit brought by plaintiff was the main one which formed the basis of the settlement. The evidence is objected to on the ground that it is the mere opinion of the witness, and because the suit against the company that made the settlement, was not brought by plaintiff, and it was not, therefore, competent for the witness to state the fact called out. But the witness states the matter as a fact, and not as an opinion, and even if defendant was benefited in the settlement of another suit by the action brought by plaintiff, the circumstance was pertinent in estimating the value of his services. This last remark is a sufficient answer to another objection to the evidence of witnesses, as to the value of plaintiff's services based upon a hypothisis as to the amount recovered in the suit brought by plaintiff, and settled as aforesaid.

IV. Several other objections to the evidence made by counsel are not urged in argument; he contents himself with a simple statement of the points. We think they are not well taken, and do not feel called upon to discuss questions not pressed in argument. We, therefore, give them no further notice.

V. The point most elaborately argued by counsel is, that the verdict is contrary to the evidence. There is no such absence of evidence as will warrant the conclusion that the verdict was not the result of an honest and unprejudiced exercise of judgment, intelligently applied to the facts before the jury. We cannot, therefore, interfere with the judgment of the court below sustaining it.

Affirmed.