W. B. CARRUTHERS & SON, Appellees, v. NATHAN C. TOWNE *et al.*, Appellants.

1. **Loan Brokers:** COMPENSATION: EVIDENCE. Where in an action by a loan broker to recover the reasonable value of services rendered in procuring a loan, the evidence was conflicting as to whether the agreement between the parties was for a specified sum or for a reasonable compensation, *held*, that evidence of the reasonable value of such services was properly admitted.

2. ——: ——: ——. In such case it is competent to show, by persons experienced in the business of making loans, the difficulty of placing loans like the one negotiated by the plaintiff.

3. ——: ——: INSTRUCTIONS TO JURY. There being evidence tending to show that there were several different agreements between the parties at different stages of the negotiations for the loan as to the compensation to be paid the plaintiffs for their services, some of which, at least, were disputed by the plaintiffs, *held*, that the court properly refused to instruct the jury, that if there had been an agreement with respect to compensation, such agreement, though afterwards abandoned, might be considered in determining the value of the services rendered.

4. ——: ——: ——. There being evidence tending to support the claim of the defendants, that fifteen hundred dollars of a sum admitted to have been received by the plaintiffs was on account of commission, *held*, that the court should have instructed the jury, that if they found such sum was received on account of commission, and they otherwise found in favor of the plaintiffs, that such sum should be credited upon the amount of the verdict.

*Appeal from Polk District Court.*—HON. M. KAVANAGH, JR., Judge.

FRIDAY, OCTOBER 14, 1892.

ACTION to recover for services rendered and expenses incurred in obtaining a loan of money. There was a trial by jury, and a verdict and judgment

in favor of the plaintiffs. The defendants appeal. *Reversed.*

. *Bosquet & Earle* and *Cummins & Wright,* for appellants.

. *W. H. Berry* and *Kauffman & Guernsey,* for appellees.

ROBINSON, C. J.—The plaintiffs were, in the years 1885 and 1886, doing business as loan brokers at Indianola. The defendant, Towne, owned four thousand, eight hundred acres of land in Marion county and desired a loan of money, for which he proposed to mortgage the land. The defendant, R. E. Sears, owned incumbrances on the land, and, in November of the year 1885, was given the exclusive right to sell it at not less than fifty-five dollars per acre for the period of two years from the first day of the next January. The plaintiffs were employed to secure a loan, and one for ninety-six thousand dollars, with interest thereon at the rate of seven per cent. per annum, was finally procured, in July, of P. K. Dederick. The loan was made to Towne, was secured by a mortgage on his land, and the payment was guarantied by Sears. The plaintiffs claim that they were verbally employed by the defendants to procure the loan; that their services in procuring it were reasonably worth the sum of three thousand dollars; and that their expenses incurred in procuring it amount to one hundred and twenty-nine dollars and sixty-five cents. They also claim that the defendants are indebted to them in the further sum of five hundred and forty-seven dollars and twenty cents for services rendered and expenses incurred in removing incumbrances from the land and in perfecting the title, in order that the loan might be secured. The answer of Sears to these claims is a general denial. Towne alleges that in the year 1886, by an agreement

in writing, he appointed the plaintiffs his agents to procure for him a loan of one hundred thousand dollars, at six per cent. interest per annum; that it was then verbally agreed between him and the plaintiffs that their compensation for services to be performed and disbursement to be made in procuring the loan should be two and one-half per cent. of its amount; that the plaintiffs attempted to procure a loan under that agreement, but were unable to do so, and abandoned it; that thereafter the plaintiffs notified him that they could procure the loan for ninety-six thousand dollars, which was finally made, and that if he accepted it the compensation of the plaintiffs for procuring it, including all disbursements, should be one thousand, seven hundred and fifty dollars, for which they were to accept his note, with Sears as surety; that an arrangement to that effect was made, the loan was procured on the terms specified, and a note signed by Towne as principal, and Sears as surety, for one thousand, seven hundred and fifty dollars, was delivered to the plaintiffs in full payment for their services and disbursements.

The negotiations which resulted in effecting the loan were prolonged, and at times were near being terminated without effect. There is evidence which tends to show that Dederick refused to make the loan, unless ten thousand dollars of the amount should be made payable in one year, and have a guarantor in addition to Sears; that, in order to prevent the failure of the negotiations, the plaintiffs agreed to pay one thousand dollars to secure the additional guarantor; that they had agreed to pay the expenses of a brother of Dederick, who had visited Iowa as his agent to represent his principal in effecting the loan, and that his expenses were two hundred and fifty dollars; that they had caused the abstracts of title, some fifty in number, to be examined by an attorney, at the cost of five hundred dollars; that the note for one thousand,

seven hundred and fifty dollars was given in payment of those three items of expense, and not in payment of the compensation due the plaintiffs; that, in addition to the expenses for which the note was given, the plaintiffs had incurred traveling expenses to the amount of more than one hundred dollars; that they had paid for certificates as to judgments in federal courts the sum of twenty-six dollars, and had incurred other expenses in perfecting the title to the land mortgaged, to the amount of nearly fifty dollars; that the reasonable value of their services was from three to five per cent. of the amount of the loan, and that the reasonable value of their services rendered in perfecting the title was five hundred dollars. Evidence on the part of the defendants tends to show that the final agreement of the parties was that Towne should pay seven hundred and fifty dollars to Sears for his guaranty, and one thousand, seven hundred and fifty dollars to the plaintiffs in satisfaction of all their claims for services and disbursements. The jury found that the plaintiffs were entitled to recover of the defendants the sum of three thousand, five hundred and eleven dollars and forty-nine cents, and judgment for that amount, with interest and costs, was rendered in favor of the plaintiffs.

I. The plaintiffs seek to recover the reasonable value of the services they claim to have rendered the defendants. The court permitted the

1. LOAN BROKERS: compensation: evidence.

plaintiffs, over the objection of the defendants, to show the reasonable value of such services, and charged the jury, in effect, that the plaintiffs could recover that amount if there was no specific agreement between the parties fixing the compensation to be received, or if, such an agreement having been made, it had been abandoned; but that if such an agreement had been made, and not

abandoned, then that the plaintiffs could not recover in this action. The appellants contend that the evidence shows without conflict that there was an express agreement, which fixed the compensation which the plaintiffs should receive, and that the parties disagree only as to the amount which that agreement fixed, and that the court erred in admitting evidence as to the reasonable value of the services of the plaintiffs.

In view of the conclusion we reach as to the disposition of the case on this appeal, it is not proper for us to express any opinion as to the weight of the evidence. Much is said in regard to the right of the plaintiffs to recover expenses incurred in procuring the loan, and for services rendered in perfecting the title to the land, which we need not notice. The chief controversy appears to be in regard to the compensation to which the plaintiffs are entitled for procuring the loan. The evidence shows that different propositions in regard to the loan were made from time to time, as it became apparent that the desired terms could not be had, and that the plaintiffs made different statements as different propositions were under consideration, as to what their compensation would be. When the terms of the loan were finally agreed upon, and the defendants had executed the necessary papers, the compensation to which the plaintiffs would be entitled was considered, and there is evidence which tends to show that at that time the plaintiffs told the defendants that their commission would be one thousand, five hundred dollars; that there was some discussion as to what had been previously said, the parties, however, not agreeing in regard to it; that finally the plaintiffs said all they desired was what was right, and Sears expressed a willingness to pay that, and that the papers pertaining to the loan were then completed and delivered. Although but little was said in regard to a waiver of any prior agreement, yet there was evidence which tended to

show that the parties had differed as to the agreement for compensation, and that what was said was intended to end the controversy, and appears to have been satisfactory to all parties.  Under all the circumstances of the case, we think the court properly submitted to the jury the question whether the final agreement was for a specified compensation, or whether it provided for the payment to the plaintiffs of a reasonable compensation for their services.   It follows that evidence as to the reasonable value of such services was competent, and properly admitted.

II. Objections are made to the action of the court in admitting the testimony of certain witnesses in regard to the reasonable value of the services 2. ——: ——: ——· required to procure the loan in question. The testimony objected to was given by persons who were experienced in the business of making loans, and was designed to show the difficulty of placing loans like that in question.   We think their testimony was competent, and properly admitted.

III. The appellants complain because the court refused to instruct the jury that, if there had been an agreement between the parties with respect 3. ——: ——: instructions to jury. to the compensation to be paid to the plaintiffs for their services in procuring the loan, they were entitled to consider the amount fixed by such agreement in determining the reasonable value of the services, even though such agreement was subsequently abandoned.   We think the court did not err in refusing the instruction in question.   The evidence tended to show several different agreements of that character made at different times, although most of them were disputed.   It could have served no good purpose to invite the jury to determine what agreements had been entered into, and the compensation they provided for, while it might have led to confusion in their deliberations and error in the result.   Moreover, the

instruction contained no guide to the use which the jury might make of any fact disclosed by such agreements.

IV. The court charged the jury as follows: *"First.* If you find from the testimony that the defendants in this case employed the plaintiffs to negotiate the loan of ninety-six thousand dollars, at seven per cent. per annum, and that when said loan was consummated there was no agreement as to any specific sum which should be paid for such services, but that any agreement for a specified commission, if such existed, had been waived and set aside by the agreement of the parties, then your verdict must be for the plaintiffs for the reasonable value of such services." Also: *"Eighth.* If plaintiffs are entitled to recover in this case for said commission, either against Towne, or against both Towne and Sears, they are entitled to the fair and reasonable value of their services, as shown by the testimony."

The appellants complain of these portions of the charge on the ground that they ignore the fact that they claimed, and offered evidence to prove, that they had paid the plaintiffs for their services. The answer of Towne alleges that the one thousand, seven hundred and fifty dollar note was given in the performance of an agreement with the plaintiffs by which they accepted it in full payment for services rendered and disbursements made. Towne testified that when the papers were signed he stated to the plaintiffs and Sears as follows: " 'Gentlemen, * * * I want to know to a cent what this commission is going to cost me before I sign any papers. * * * As I understand the matter from you both, it stands in this way: Mr. Carruthers has agreed with you, Mr. Sears, to pay you one thousand dollars commission for your guarantying the loan; and, Mr. Carruthers, you are to receive from me one thousand, five hundred dollars to cover your com-

mission and expenses, as we talked of.' They both assented to it, as being the fact, and that was the agreement. * * * After they said it was all right, J. H. Carruthers spoke up and said that might have been the agreement, but that it was awful tough on him, and that he was not getting anything, hardly. * * * He finally said we ought to allow Dederick's hotel bills and traveling expenses; and he says, 'Sears, you ought to allow him some of these expenses;' and we figured it out, and found that his expenses would amount to two hundred and fifty dollars; and Sears said, 'I will concede this amount to you;' and then I said, 'It leaves it in this way: I am to pay you, Carruthers, one thousand, seven hundred and fifty dollars, and Sears seven hundred and fifty dollars; that is to be the cost of this loan, excepting my abstract;' and they both agreed, and said that was their understanding. On that agreement I signed the papers.'' This testimony is fully corroborated by that of Sears. It is admitted that the plaintiffs were paid one thousand, seven hundred and fifty dollars in a note. If it be true that one thousand, five hundred dollars of that amount was to be applied in payment of their commission, then the jury should have been told to allow credit for that sum, and to deduct it from the amount of the verdict. It may be true that this claim of the defendants was in some respects unreasonable, and that the jury rejected it as unworthy of belief; but, however that may have been, the portion of the charge we have quoted in effect withdrew that claim from the jury in case they found the plaintiffs entitled to recover. They did not purport to announce a general rule of law, but one applicable to the facts in this case. The defendants were entitled to have their claims fully considered by the jury, and an allowance therefor made, if it were found to be just, and we cannot say that the error of the court in practically withdrawing it was without prejudice.

The defendant Sears did not plead payment, but his liability, if any, is not greater than that of Towne, and, as between themselves, he appears to be a surety for Towne. Whether he is more than that as to the plaintiffs, we need not determine; but as his liability is to some extent, at least, dependent upon that of Towne, justice requires that the judgment against him be set aside, in order that the entire case may be again tried on the merits.

The judgment of the district court as to both defendants is therefore REVERSED.