D. M. LEEK v. H. P. CHESLEY, Appellant.

**Amendment in Trial:** CONTINUANCE. In replevin for a horse, where the value of the animal as stated in the complaint, was admitted by the defendant, a subsequent order allowing an amendment, which gave a greater sum as the value of the animal, will not be disturbed, on the ground that defendant had not called any witness on the question of value, and was not prepared to meet the amendment, in the absence of a motion by defendant, for a continuance on such ground.

WEIGHT AND ADMISSIBILITY OF EVIDENCE — COMPETENCY. A farmer, who has been accustomed to raising, handling, buying, and selling horses, in the part of the state where the action arose, is competent to testify as to the value of a pacing horse, for the possession of which he brings suit, although he resides one hundred miles distant from the place of trial, and does not show that he knows the value of horses within the county, the value of such horses is not so likely to depend on local demand.

**Misconduct of Counsel:** WHEN NON-PREJUDICIAL. Misconduct of plaintiff's attorney in stating falsely, on motion for a new trial of a replevin suit, that it had been agreed by defendant, if his motion for a new trial was overruled, the court should enter judgment for the value of the goods as fixed by the verdict, is not ground for reversal, where the court stated that counsel should not have mentioned the matter, and that the verdict would be reduced, unless counsel for plaintiff would consent to give defendant an option between a judgment for the return of the property, or a money judgment, to which plaintiff consented.

**Replevin:** DEMAND. Demand is not necessary before beginning an action to replevin a horse, of which both parties claim absolute ownership.

*Appeal from Woodbury District Court.*—HON. A. VAN WAGENEN, Judge.

WEDNESDAY, MAY 27, 1896.

ACTION at law to recover the possession of specific personal property and for its wrongful detention. There was a trial by jury, and a verdict and judgment for the plaintiff. The defendant appeals.—*Affirmed.*

VOL. 98 Ia—38

*Lewis, Holmes & Beardsley* and *Lewis & Beardsley* for appellant.

*Joy, Call & Joy* for appellee.

ROBINSON, J.—The plaintiff alleges that he is the absolute and unqualified owner of a certain pacing horse, and that it is wrongfully detained by the defendant under a claim of ownership. The defendant denies that the plaintiff owns the horse, and claims to have acquired the ownership by purchase. The jury found that the plaintiff was the owner of the horse, and that its value was eight hundred dollars. The defendant filed a motion for a new trial, and the court stated that it would reduce the verdict unless the plaintiff should consent to give the defendant his choice between a judgment for the return of the horse, or for money. To that the plaintiff consented. Judgment was rendered in favor of the plaintiff for the amount of the verdict and costs.

I. The petition, at the time the trial was commenced, alleged that the value of the horse was three hundred dollars, and that was admitted by the answer. While the trial was in progress, and soon after it commenced, the plaintiff asked and was granted permission to amend his petition by stating therein that the value of the horse was one thousand dollars. The defendant objected to the proposed amendment, stating that he had not called any witnesses upon the question of value, and was not prepared to meet it, and that the amendment was offered too late, and was immaterial. The objection was overruled; the court stating that, if the defendant was not prepared on the question of value, that fact would be considered later. The amendment was material, and of vital importance to the plaintiff. If the defendant was not prepared to meet the issue

presented by it, he could have asked for time, and, if necessary, for a continuance, to enable him to produce the evidence he desired, but that he did not do. We think the action of the court in permitting the amendment was correct.

II. The appellant complains that the plaintiff was permitted to testify in regard to the value of the horse, without a sufficient showing of competency. He did not show that he knew the value of such horses in Woodbury county, and he resided in Palo Alto county, one hundred miles or more from Sioux City by the routes usually traveled. He did not have a very clear idea of the market value of such horses. But he was a farmer, had been accustomed to raising, handling, buying and selling horses, and knew something of the value of such horses in northwestern Iowa. We are of the opinion that, although the highest degree of competency was not shown, his knowledge was sufficient to authorize the admission of his testimony. The value of horses of the class of that in question is not as fixed and capable of being determined with accuracy as the value of other and cheaper horses, suitable only for ordinary purposes, nor is it so likely to depend on local demand. The jury, no doubt, considered these facts, and gave to the testimony of the plaintiff only the weight to which it was entitled.

III. The court refused to permit the defendant to show the value of the services rendered by Tobin, in developing the horse, and of that ruling complaint is made. We think it was correct. There was no issue in regard to the value of such services. The question which called for the information, did not limit the answer to services contemplated by the plaintiff and Tobin when their agreement was made, but would have allowed it to be based, in part, if not wholly, on the results which the witness supposed he

had accomplished. The testimony sought, bore so indirectly, if at all, upon the issues in the case, that it was properly excluded.

IV. At the close of the evidence for the plaintiff, the defendant asked the court to direct a verdict in his favor, on the ground that the plaintiff had not shown a demand for the possession of the horse, before this action was commenced. The court refused the request, and, in the charge given, instructed the jury that such a demand was not necessary. A demand is required, only, when it is necessary to terminate the defendant's right of possession, or to confer it upon the plaintiff; and, when both parties claim the absolute ownership of property, the possession of which is sought by the plaintiff, and the right of possession incident to such ownership, a demand is not necessary. *Oswego Starch Factory v. Lendrum*, 57 Iowa, 575.(10 N. W. Rep. 900), and cases therein cited; *Ruiter v. Plate*, 77 Iowa, 18 (41 N. W. Rep. 474); Cobbey, Repl. section 447; 5 Am. & Eng. Enc. Law, 528, k. The defendant claims to be the absolute owner of the property, and to be entitled to possess it by virtue of that ownership. He does not claim a mere possessory right through the plaintiff, but adversely to him; and, under the rule stated, no demand was necessary.

V. The horse was owned by the plaintiff in October, 1893. In November he was delivered to James Tobin, in Palo Alto county, for training. The terms of the contract under which the horse was taken and kept by Tobin are in dispute, the plaintiff claiming that Tobin was to train him for the race track, use him, and have one-half of his earnings as compensation, while Tobin claims that his compensation for training and racing the horse was to be a one-half ownership of him, and one-half of his earnings, each party to pay one-half of the expenses, and that, after he had kept

the horse for a time, the plaintiff authorized him to sell the horse, which he did. The defendant claims title from that sale. The jury found, specially, that the plaintiff did not agree with Tobin that the latter should have a half ownership of the horse in suit. The defendant insists that the evidence does not support the finding. The greater number of witnesses testify for the defendant on that issue, and, if the case were triable anew by us, we might not agree with the conclusions of the jury; but there was a direct conflict in the testimony, and circumstances which favored each theory with respect to the contract and we cannot say that the jury was not authorized to return the special finding in question.

VI. The appellant complains that the amount of the recovery was excessive. The evidence respecting the value of the horse was also conflicting, and, although it is true, that it would have justified a smaller recovery, we cannot say that it does not support the verdict rendered.

VII. While the motion for a new trial was being argued by an attorney for the plaintiff, he made the following statement: "It is agreed by the defendant in this case, that if this motion for a new trial is overruled, then the court shall enter judgment for the plaintiff, against the defendant, for the value of the horse found by the jury, to-wit, the sum of $800." The record of what then occurred, is as follows: "Which statement of the counsel for the plaintiff was denied by the counsel for the defendant, whereupon the court stated, that counsel ought not to have mentioned this matter, and, lest he might be influenced thereby, said the verdict would be reduced, unless the counsel for plaintiff would consent to give defendant choice between a judgment for the return of the property or a money judgment, to which counsel for plaintiff agreed." The defendant insists,

that the statement to which this record refers, constituted misconduct, on the part of the attorney who made it, which was prejudicial, and an ingenious argument is made in support of that claim. It fails, however, to convince us of its soundness. As there was no written agreement to the effect stated, and none was made to appear on the records of the court, and none was admitted, there was nothing upon which the plaintiff could rely. Code, section 213, sub-section 2. But it is not uncommon for parties to an action to enter into a verbal agreement, and state it in open court, in order to have it made of record; and when that is done, an attorney is not guilty of misconduct in making known to the court the agreement of the parties. If it be assumed that the parties in this case had not entered into an agreement, and that the attorney for the plaintiff had no reason to believe that they had, the statement he made was improper and reprehensible; but it does not follow that it was prejudicial. The court was of the opinion that the statement made was improper, and then proceeded to guard against prejudice from it. Had it not required the plaintiff to give to the defendant the right to elect which of two judgments should be rendered against him, it would have been presumed that the court was not influenced by the improper statement, especially as the record shows that it was taken at its true value; but, in view of the fact that the court gave to the defendant the benefit of any doubt which might have arisen as to the effect of the statement, there is nothing in the matter of which the appellant can justly complain.

No prejudicial error in the proceedings in the district court is shown, and the judgment appears to have been authorized. It is therefore AFFIRMED.