104 442
111 576

104 442
116 506

104 442
138 463

104 442
139 504

104 442
143 516

## E. H. CLARK, Administrator, v. EUGENE A. S. ELLSWORTH, Appellant.

**Evidence:** DISCRETION OF COURT: *Attorney and client.* The court may in its discretion, to show the character of the contest between the husband and wife, admit her depositions taken by his attorney for use in resisting her application to set aside a decree of divorce in an action by her attorney to recover the value of his services from the husband. on the ground that they were necessary for her protection, notwithstanding that the defendant offered to agree not to contradict any testimony which should be given as to the nature of the depositions, or as to the time spent, or character of the labor required on plaintiff's part. to meet them.

SAME. Where the length of time spent is made an important element of recovery in an action for legal services, and the various questions examined by the attorney, and the several papers which he drew, together with the facts involved, have been detailed by him at length, evidence that a much less time than that which he claimed to have spent therein was reasonably necessary for the performance of the services, is admissible.

OF VALUE. The value of legal services rendered in a certain county is to be determined with reference to the practice there, so far as it has established the value of such services.

DESTRUCTION OF EVIDENCE: *Witness.* The mere fact that a witness for defendant had destroyed letters, does not render her testimony as to their contents incompetent, it not being shown that they were destroyed by defendant's procurement or for a fraudulent purpose.

**Attorney's Fees:** EXPERT EVIDENCE. Attorneys who show general knowledge of the customary and reasonable charges for attorney's services in a certain county, though not having as great knowledge thereof as others, may give their opinion as to the value of certain services rendered there.

SAME. The opinions of expert witnesses are competent to show the value of the services of an attorney, though not conclusive upon that question.

SAME. Expert testimony as to the time necessary to prepare for the trial of a case, is admissible on the question as to the value of legal services, where the length of time spent by plaintiff in the preparation of the case is made prominent as an element of recovery.

SAME. A question of an expert as to what professional services were necessary in preparing for the trial of a case, is properly excluded.

HYPOTHETICAL QUESTIONS: *Competency.* The failure to expressly, restrict hypothetical questions as to the value of an attorney's services, to their value in the county in which they were performed, does not render it immaterial or incompetent where it shows that the services were performed in such county.

VALUE OF: *Elements.* In determining value of legal services, not only the amount and character thereof and the results obtained, but also the professional ability and standing of the attorney, his learning, skill; and proficiency in his profession, and experience, may be considered.

SAME. The importance of a litigation, success attained, and the benefit which it procured, may be considered in estimating the value of the services rendered by an attorney.

SAME: *Husband and wife.* The wealth of the husband, though not admissible as an independent factor, in determining the value of an attorney's services rendered to a wife in litigation with her husband, may be considered in connection with the husband's disposition to make a severe contest in such litigation, as tending to show the importance of the service, in an action by an attorney to recover the value thereof from the husband, on the ground that they were necessary for the protection of the wife.

EXPENSE OF PREPARATION. The liability of a husband for services and disbursements rendered to and made in behalf of his wife in a suit for divorce, which were necessary for her protection, includes costs paid by her attorney, and expenses reasonably necessary in procuring information upon which to act, in preparing for trial an application for the wife to have decree against her set aside.

ATTORNEY OUTSIDE OF COUNTY. Where a wife, in divorce proceedings, hires an attorney from outside the county, he cannot recover against her husband for expenses for traveling outside the county, it not being shown that services of competent attorneys within the county could not have been procured, and it appearing that several of them were not employed by the husband.

SAME: *Usage.* Whether an attorney from outside the county, employed to render services therein, can recover for hotel bills and other expenses in the county, depends on the usage therein.

**Appeal:** ABSTRACTS. Appellee's additional abstract will not be stricken from the files because it was not filed within the time fixed by the rules where it does not appear that the submission of the cause had been delayed or that any prejudice had been caused by the non-compliance with the rules in that respect.

*Appeal from Kossuth District Court.*—HON. LOT THOMAS, Judge.

SATURDAY, JANUARY 22, 1898.

ACTION at law to recover for professional services rendered by an attorney. There was a trial by jury, and a verdict and judgment for the plaintiff. The defendant appeals.—*Reversed.*

*R. M. Wright* and *J. C. Cook* for appellant.

*George H. Carr* and *George E. Clarke* for appellee.

ROBINSON, J.—In the year 1891, and during the first part of the year 1892, the defendant and his wife resided in Hardin county. On the fifteenth day of December, 1891, the district court of that county rendered a decree which divorced the defendant from his wife, and gave him the custody and control of their two minor children. No allowance to her for alimony was made. In January, 1892, she applied to have the decree set aside. The application was resisted, and a trial thereon was commenced; but before it was concluded Ellsworth withdrew all objections to the application, and asked that it be granted. Thereupon the decree was set aside, and Ellsworth dismissed his action without prejudice. Mrs. Ellsworth then commenced an action against her husband for a divorce, but before it was reached for trial a reconciliation was effected, the parties again

cohabited, and the action of the wife was discontinued. In the proceedings mentioned she was represented by Attorneys Charles A. Clark and F. C. Hormel, both of whom resided in Cedar Rapids. Clark not having been paid for his services and disbursements, assigned his claim therefor to William C. Stevens, by whom this action was brought, to recover the sum of five thousand dollars for services rendered, and ninety-five dollars for money paid for costs and other expenses caused by the litigation. The plaintiff seeks to hold the defendant liable for the amounts in question, on the ground that the services and expenses were necessary to enable Mrs. Ellsworth to prosecute her litigation and secure and protect her rights; that she was without financial means to pay for them; and that by her agreement with Clark she made the defendant liable for them. The defendant denies that Clark was employed by Mrs. Ellsworth, denies that he is liable on account of the services and expenses in controversy in any sum, and denies that the services rendered were of the value claimed. A trial was had on the issue joined, and a judgment rendered, from which the defendant appealed to this court. The judgment of the district court was reversed, and the cause was remanded for further proceedings. See *Stevens v. Ellsworth*, 95 Iowa, 231. The death of Stevens was then suggested in the district court, and the administrator of his estate was substituted as plaintiff. A second trial was had, which resulted in a second judgment against the defendant, and he again appeals.

I. The appellant presents a motion to strike from the files an additional abstract of the appellee, on the ground that it was not served and filed within the time fixed by the rules for that purpose, and on the further ground that it does not comply with the rules, and is unnecessary. It does not appear that the submission of this cause has been delayed, nor any prejudice caused, by not serving the additional

abstract within the time fixed by the rules; and it is not our practice, when that is the case, to strike the additional abstract from the files. The one in question contains some material matter, and, although it may set out some parts of the record with unnecessary fullness, yet it cannot be said that it is not an abstract, within the meaning of the rules. The motion to strike it from the files is therefore overruled.

II.    The evidence in regard to the employment of Clark, by Mrs. Ellsworth, is conflicting, but the jury was authorized to find that he was employed to render the services for which a recovery is sought, and that question need not be further considered on this appeal. The question of chief importance is, what amount should the defendant pay for the services rendered and the disbursements made by Clark? The jury allowed the plaintiff three thousand dollars for the services of Clark, ninety-five dollars on account of his disbursements, and interest in the sum of seven hundred and fifty-seven dollars and eighty cents, and judgment was rendered for the aggregate amount of these sums. We held on the former appeal that where, as in this case, the compensation of an attorney is to be paid, not by the person who employed him, but by a third person, on the ground that it was a necessary expense, the amount allowed should be no more than what the service was reasonably worth where it was rendered, to be fixed by the practice at that place, and, in effect, that expert witnesses, to be qualified to testify in regard to the compensation to which Clark was entitled in this case, should know the value in Hardin county of services rendered there, and that the wealth of the defendant cannot be considered in estimating the amount of the compensation to which Clark is entitled. On the second trial the testimony of numerous attorneys, who resided in different parts of

the state, was submitted by the plaintiff to show the value of the services rendered by Clark. Those 2 witnesses were asked a hypothetical question, which covers nearly twelve printed pages. That assumed to be true, numerous alleged facts which the evidence tended to establish, which were designed to show that the duties Clark was required to perform involved much labor and professional knowledge and judgment; that he was required to investigate many facts, to examine many authorities and records, to draw numerous pleadings, motions, and other papers, and to make oral arguments; that he appeared in the district court of Hardin county on several occasions, and assisted in the trial of the application to vacate the decree of divorce; that the trial lasted four days, and that his efforts were successful; and that he devoted a full month to the discharge of the duties which he was required to perform. The statements contained in the hypothetical question, if true, showed that the defendant was worth five hundred thousand dollars when he obtained the decree of divorce; that the original grounds upon which the divorce was sought were that the wife had for years been guilty of improper conduct with different men, receiving visits from them at unusual and improper hours, in the night-time, and by her conduct had disgraced herself and family; that knowledge of such conduct had reached him with such effect as to make him nearly distracted, and greatly impair his health, and that the conduct of his wife had been so cruel and inhuman as to endanger his life; and that when the application to set aside the decree was made it was resisted, and to support the resistance he took the depositions of two witnesses to prove that his wife had been guilty of adultery. The interrogative part of the hypothetical question, answered by nine of the attorneys who testified for the plaintiff, was as follows:

"What, in your judgment, is fair and reasonable compensation in gross for the services rendered by the said Clark on behalf of Mrs. Ellsworth in the litigation aforesaid, taking into consideration all the facts and circumstances above set forth, and the importance of the interests involved and the success attained?" The question, as answered by five of the witnesses for the plaintiff, contained the words, "in Hardin county, Iowa," inserted immediately after the words, "compensation in gross." Objections to the interrogatory in both its original and modified forms were made on various grounds, and motions to suppress depositions upon such objections were made and overruled. The objections thus made were chiefly that the witnesses had not shown themselves qualified to testify in regard to the value in Hardin county of the services rendered, and that they had included in their estimates of the value of such services improper elements, as, the wealth of the defendant and the ultimate benefit to his wife of the litigation in which the services were rendered. Each witness who answered the hypothetical question showed before he answered it that he had practiced law in different counties of the state, and that he knew generally the value of the professional services of attorneys throughout the state, or in Hardin county and vicinity, in the year 1892, when the services in question were rendered. There was nothing in the hypothetical question which required the answers thereto to be based, in whole or in part, upon improper considerations, and we are of the opinion that each witness who answered the question showed such knowledge and qualifications as made his testimony competent and admissible. The value of his testimony, if not shown by his direct examination, could have been and was disclosed by his cross-examination. Some showed greater knowledge than did others of the customary and reasonable charges made in Hardin county, but each one

showed such general knowledge of the subject that his testimony should not have been suppressed, although it might not have been of much value. The general rules which regulate the admission of expert testimony in regard to tangible property, and services other than those rendered by an attorney, apply to the testimony of attorneys respecting the value of legal services; and it is well settled that evidence as to the value of such property is admissible, even though it be not of the highest degree of competency. *Leek v. Chesley*, 98 Iowa, 593; *Carruthers v. Towne*, 86 Iowa, 323; *Latham v. Shipley*, 86 Iowa, 543; *State v. Finch*, 70 Iowa, 317; *Tubbs v. Garrison*, 68 Iowa, 48; *Lanning v. Railroad Co.*, 68 Iowa, 503; *Gere v. Insurance Co.*, 67 Iowa, 275; *State v. Maynes*, 61 Iowa, 120; *Smalley v. Railroad Co.*, 36 Iowa, 574; *Vilas v. Downer*, 21 Vt. 423; Lawson, Expert Evidence, 236. The hypothetical question showed that the services for which a recovery is sought were rendered in connection with litigation in Hardin county, and the answers were necessarily based upon that fact. Therefore, we think the omission of the interrogative part of the question, as asked some witnesses, to refer specially to Hardin county, did not render the answers immaterial nor incompetent.

III. Several witnesses for the plaintiff testified, in effect, that in answering the hypothetical question, they considered to some extent the wealth of the defendant, and some of them stated that the benefit to the wife which resulted from the litigation was considered. It is a well-settled rule that the importance of the litigation, the success attained, and the benefit which it secured may be considered in estimating the compensation to which the attorney who conducted it is entitled for the services he rendered. The responsibility of an attorney may be, and usually is, much greater where large interests are involved than it is

where the interests are of but little importance. *Smith v. Railroad Co.*, 60 Iowa, 522; *Berry v. Davis*, 34 Iowa, 594. And where the subject-matter of the litigation is of great importance to the litigants, and of a character to lead them to use every legitimate effort to succeed, the wealth of a party, and his consequent ability to make a severe contest, may be considered in connection with his disposition to do so, as tending to show the importance and value of the services which the attorney, for whose compensation he was responsible, was required to render. The hypothetical question asked on the second trial differed from that asked on the first, in that it did not require the witnesses to consider the wealth of the defendant in estimating the compensation in question. The district court, by its charge, required the jury not to take into consideration the wealth of the defendant, nor his ability to pay for the services rendered by Clark to enhance the value of the services, but permitted the jury to consider it as an incident in ascertaining the importance and gravity of the interests involved in the litigation in which the services were rendered. We think this was correct, and not in conflict with what we decided on the former appeal. The jury was also instructed that it should not take into consideration the ultimate benefits to Mrs. Ellsworth of the litigation as a distinct element to enhance the value of the services in question, but the success or non-success of the litigation. That portion of the charge was in the interest of the defendant, and we are of the opinion that the effect of the evidence admitted which may be regarded as objectionable, was so far modified by the charge as to prevent prejudice to the defendant. See *Shepard v. Railway Co.*, 77 Iowa, 56, and cases therein cited. Not only the amount and character of the services and the results attained, but also the professional ability and standing of the attorney, his

learning, skill, and proficiency in his profession, and his experience, may be considered in estimating the reasonable value of his services. *Stanton v. Embrey*, 93 U. S. 548 (23 L. Ed. 985); *Randall v. Packard*, 142 N. Y. 56; *Allis v. Day*, 14 Minn. 516 (Gil. 388); *Vilas v. Downer*, 21 Vt. 419; *Eggleston v. Boardman*, 37 Mich. 16; 1 Lawson, Rights, Remedies, Practice, section 198; Weeks, Attorneys (2d ed.), 687. These elements of value are to be considered in this case in connection with other facts in order to ascertain the value of the services rendered in Hardin county, and not their value had they been rendered elsewhere. The value to be determined is the reasonable value of the services in Hardin county, as fixed by the practice in that county. This does not mean that it is necessary to show what charges have been made in that county in cases like those in which the compensation in question was earned. It rarely happens that two contested cases, involving not only different parties, but different interests, are so nearly alike that the compensation of the attorneys should be precisely the same in one as in the other. But the value is to be determined with reference to the practice in Hardin county, so far as it has established the value of such services as those in controversy.

IV.   It is claimed that the opinions of expert witnesses are not competent to show the value of the services of an attorney, but that it is to be determined by the jury, from all the testimony which tends to show what the value is. It is true that such value is to be determined by the jury, and that the testimony of experts is not conclusive; but that their opinions are competent is, we think, well established by the authorities, and the admission of such opinions in evidence is sanctioned by reason and usage. *Head v. Hargrave*, 105 U. S. 45; *Allis v. Day*, 14 Minn. 518 (Gil. 388); *Thompson v. Boyle*, 85 Pa. St. 477; *Blizzard v. Applegate*, 61 Ind. 317; *Williams v. Brown*, 28 Ohio St. 551;

Lawson, Expert Evidence 61, 63; Rogers, Expert Evidence, section 157; 1 Wharton, Evidence, sections 442, 446; Weeks, Attorneys, sections 126, 340; Bradner, Evidence, 477; Underhill, Evidence, 291.

V. The defendant objected to the introduction in evidence in this case of the depositions of two witnesses taken by him for use in resisting the application of his wife to set aside the decree in the action for divorce, and offered to agree not to contradict any testimony which had been or should be given as to the nature of the depositions, or as to the time spent or character of the labor required on the part of Mrs. Ellsworth's attorneys to meet them. The objection was overruled, and the depositions were read in evidence.

In that, we think, there was no error. The depositions were introduced to show something of the character of the contest in which the services in question were rendered, and the nature of those services, and were competent for that purpose. It was certainly within the discretion of the court to permit the evidence to be read, and to refuse to accept the offer of the defendant. The appellant also complains of the refusal of the court to permit the wife of the defendant to testify as to the contents of letters which were written to her by Mr. Hormel, but which she had destroyed. The fact that she had destroyed the letters did not alone render her testimony as to their contents incompetent. It is not shown that they were destroyed by the procurement of the defendant, nor for a fraudulent purpose; but it is not shown that the rejected testimony was material to any issue on the case, and the court did not err in rejecting it.

VI. The defendant sought to show by two witnesses that Clark had spent an unnecessary number of days in preparing for the trial of the cases in which he was employed by Mrs. Ellsworth, but was not permitted to do so. Some of the questions asked those witnesses

sought to elicit their opinions respecting matters of law, and the court rightly refused to receive the answers to them. Others inquired as to what services were necessary, and for that reason were objectionable, under the rule announced in *Kelly v. Inc. Town of West Bend*, 101 Iowa, 669. But Col. Clark testified as to the number of days he spent out of court in preparing the cases, and the number of days he spent in court, and it is claimed that it was competent to show that he spent more time than was needed in preparation. It was said in the case last cited, which involved the necessity and value of services performed by an attorney who had represented the town in an action against it, that whether the work performed by the attorney was necessary was a question for the jury, and that witnesses could not be permitted to usurp the functions of that body. It was also said of the case in which the services there in dispute were rendered: "The proper method of procedure in such a case, and the amount of labor and time that a lawyer of the average degree of skill and learning would expend, might be the subject of expert testimony. But the ultimate fact as to what was necessary was not." We think it was proper to consider the services of Clark as a whole, and not to split them up, and show what time was required for the consideration of each question involved in the litigation in which he was employed. But he testified at considerable length in regard to the questions he considered and the time he spent in investigating them, and he also testified in regard to the time he spent in court, and showed that he had spent about one month in the course of his employment. The hypothetical question stated that he "devoted at least a full month's time" to said divorce proceedings, and his said client's interests therein, outside of court. The defendant offered, and attempted to show, by witnesses he introduced, that the time required by an attorney of fair qualification, ability, and experience in

the district court to perform the services which Clark states that he rendered out of court, would not be more than four days, but the court sustained an objection to the offer. In that, we think, it erred. The length of time spent by Clark was made prominent as an element of recovery; and while the value of legal services rendered does not bear any fixed ratio to the length of time required to perform them, yet time is usually, if not always, an important consideration. The various legal questions which Clark examined, and the several papers which he drew, together with the facts involved, were detailed by him at length, and a competent, experienced lawyer could readily form a reasonably accurate opinion as to the number of days which would be required to do what was done. The plaintiff very properly showed the time which he claimed to have been necessary to perform the work for which he seeks a recovery, and we do not know any rule of law which would prevent the defendant from showing that the work performed could have been done in less time than that for which the plaintiff claims. We do not overlook the fact that some attorneys spend more time in the preparation of a cause for trial than do others, but it does not follow that inquiry cannot be made as to the time necessarily spent. The character of the work performed by Clark is such that an estimate of the time necessarily required to do it can be very readily made. It cannot be true that an attorney is entitled to compensation for all the time he spends in the interest of his client, even though an unreasonable length of time be spent, and that the client cannot inquire into the fact, but is compelled to compensate the attorney on the basis of the time actually spent. Where the length of time spent is made an important element of recovery, as it is in this case, evidence may be received to show what time was, and what was not, reasonably necessary for the performance of the services rendered. If it be true that the

preparatory work for which the plaintiff seeks a recovery could have been thoroughly and well done in four days, the amount of his recovery should be less than as though thirty days had been required for such work.

VII. Some question is made as to the amount of the disbursements of Clark for which the plaintiff is entitled to recover. It is our opinion that, if the defendant is liable in this action, the plaintiff is entitled to recover for costs which he paid, and for expenses which were reasonably necessary in procuring information upon which to act in preparing the application of Mrs. Ellsworth for trial. We do not think he is entitled to recover for expenses for traveling outside of Hardin county, since it is not shown that the services of competent attorneys in Hardin county could not have been procured, while it does appear that several of them were not employed by Ellsworth. Whether the plaintiff is entitled to recover for hotel bills and other expenses within Hardin county depends upon the usage in that county.

VIII. Questions which we have not mentioned are presented in argument, but are disposed of by what we have already said, or are unimportant, or are not likely to arise on another trial, and therefore do not need further consideration. For the error pointed out the judgment of the district court is REVERSED.