WILLIAM GRAHAM, Appellant, v. THE DUBUQUE SPECIALTY MACHINE WORKS, PATRICK J. LEE, TIMOTHY DILLON, THE TELEGRAPH, JOSEPH B. POWERS, JAMES BISHOP, Clerk of District Court of Delaware county, Iowa, and JOHN C. CROCKETT, Clerk of the Supreme Court of Iowa.

Corporations: STOCKHOLDER'S SUITS: RECOVERY OF ATTORNEY'S FEES.
1 A stockholder's action for a breach of trust by the officers of the corporation can be instituted only for the benefit of the corpora-

tion, and only upon the refusal of the corporation to act; and the plaintiff stockholders have no authority to bind the corporation by a contract to pay attorney's fees for the prosecution of the action, but are entitled, in case the suit is successful, to reimbursement from the amount recovered of all reasonable expenses including attorney's fees.

**Same:** COMPENSATION OF ATTORNEYS: HOW DETERMINED.  In determining the value of the services of an attorney in prosecuting a stockholder's action it is proper to take into consideration the time employed, the amount involved, the success of the litigation, the experience, ability and standing of the attorney in his profession; and in an action of this kind the character of the defendant is involved and may be considered as bearing upon the importance of the litigation; but compensation cannot be computed on the basis of a reasonable contingent fee, and evidence of that character is not admissible.

*Appeal from Delaware District Court.*— HON. FRANKLIN C. PLATT, Judge.

TUESDAY, JANUARY 21, 1908.

REHEARING DENIED, TUESDAY, MAY 12, 1908.

ACTION for compensation of services rendered as an attorney.  From an allowance of less than claimed, plaintiff appeals.  Thereafter the defendants appealed.— *Modified* and *affirmed.*

*Yoran, Arnold & Yoran* and *Andrew P. Gibbs,* for appellant.

*Hurd, Lenehan & Kiesel,* for appellees.

LADD, C. J.— After *Dillon v. Lee,* 110 Iowa, 156, had been determined in this court, the defendants Timothy Dillon and The Telegraph by its manager P. J. Quigly engaged the services of plaintiff to prosecute another suit against Lee for the benefit of the Dubuque Specialty Machine Works.

As the corporation declined to sue, an action was brought in the name of Dillon and The Telegraph as shareholders and resulted in recovery as prayed in this court. See *The Telegraph v. Lee*, 125 Iowa, 17. A few days later plaintiff was advised of a cause of action the corporation had against one Loetscher and engaged by the same stockholders to prosecute the same. Again, recovery was had in accordance with the prayer of the petition. See *The Telegraph v. Loetscher*, 127 Iowa, 383. Both judgments have been paid, and in this action plaintiff seeks to recover for his services in obtaining them, and to have his attorney's liens established against the proceeds of said judgments. His right to compensation is not denied by the defendants, but the record is such that the amount and basis of recovery are in controversy. The petition is in two counts, one on a *quantum meruit* and the other on written agreements in which plaintiff undertook to bring the action and " prosecute such action to final judgment in the Supreme Court if necessary, in the name of the plaintiffs as stockholders, for the benefit of the corporation, the directors of the corporation having neglected and refused to bring the action, and that said Graham shall receive as compensation for his services the following amounts:  " One-third of the net amount recovered, if the action be settled or paid after judgment in the district court, and one-half of the net amount recovered, if settled or paid or collected after judgment in the Supreme Court, exclusive of taxable costs.  And said Graham shall have an attorney's lien upon such judgment for the amount of his fees.  It is further agreed that the plaintiffs shall pay to said Graham the sum of one hundred ($100) dollars at such time as he shall require it, and also pay his expenses to the Supreme Court or at any court to which a change of venue may be taken, and also the cost of necessary printing and witnesses' and officers' fees. The said one hundred ($100) dollars and expenses advanced by said plaintiffs are to be refunded to the plaintiffs when said Graham receives his fees as above

specified out of the judgment. If final judgment be against the plaintiffs, said Graham is to make no further charge against them beyond the said one hundred ($100) dollars and expenses. Dated August 2, 1900." These were signed by the several parties after final judgments had been recovered, and some four and one-half years subsequent to the original employment.

The plaintiff contends that in executing these memoranda the original arrangement in parol was merely reduced to writing, while the defendants deny this, and say that their design was to enable their attorney by procuring excessive fees in these cases to recoup for them the costs and expenses incurred by Dillon and The Telegraph in the first suit brought against Lee. It will be enough to say, without reviewing the evidence, that we are not inclined to join defendants in attributing to the parties to these agreements motives in making them alike dishonorable, and, if entertained, equally reprehensible to clients and attorney. The writings are strong corroboration of plaintiff's testimony that they embodied the conditions as agreed upon orally at the time of his engagement to prosecute the actions and in view of the circumstances disclosed, as well as the finding of the trial court, we reach the conclusion that such was the arrangement made between them.

No relief against Dillon or The Telegraph is claimed in the petition. Payment for the services of attorney from the amounts recovered in behalf of the corporation was contemplated in the employment, and the sole remaining inquiry concerns the amount of compensation which should be allowed. It will be found from an examination of the decisions mentioned that in each the action was based on a breach of trust, i. e., the officers of the Dubuque Specialty Machine Works, in disregard of their relation and obligation to it, had appropriated to their own use money belonging to that corporation, and the sum of $3,016.65 was recovered from Lee and $6,031 from Loetscher. If these contracts

were to be enforced, plaintiff would be entitled to $4,523.82. The district court established attorney's liens in his favor for $1,800. There was evidence tending to show that, as a contingent fee, that stipulated was reasonable; also, that regardless of the contingency the services actually · rendered were reasonably worth one-half of the amount recovered; and other evidence that reasonable compensation would be much less than the amount allowed. Several questions arise: (1) Can the fund be charged with anything more than reasonable compensation for services rendered, that is can the contingency of failure be taken into account, in fixing such compensation? (2) If so, is the agreement of the stockholders binding on the corporation? (3) If not, what is reasonable compensation for the services necessarily rendered?

I. The validity of the employment of counsel on a contingent fee has long been recognized by this court (*Wallace v. Railway,* 112 Iowa, 565), though there is a conflict of authority on the subject. See *Boardman*

1. CORPORATIONS: stockholder's suits: recovery of attorney's fees.

*v. Thompson,* 25 Iowa, 487; *Davis v. Weber,* 66 Ark. 190 (49 S. W. 822, 45 L. R. A. 196, 74 Am. St. Rep. 81); cases collected in note to *Shirk v. Neible,* 156 Ind. 66 (59 N. E. 281, 83 Am. St. Rep. 150); and note to *Smith v. Hogan,* 1 Am. & Eng. Ann. Cas. 299. But the suing stockholders had no right to enter into a contract in behalf of the corporation. *Morelock v. Westminster Water Co* (Md.), 4 Atl. 404. No such authority had been delegated to them, and the relation of agency was not to be implied from their relative situations. They did not bring the suit as agents of the corporation " but simply in order to set in motion the judicial machinery," and were permitted to do so not owing to any direct interest they had, but " solely to prevent an otherwise failure of justice." Appellants argue, however, that receiving the proceeds of the judgments by the corporation was a ratification of his employment. The action was instituted for the benefit of the corporation, and the relief could have been granted to no

other, so that, in collecting the judgments, it was merely taking what had been decreed as belonging to it. The principle on which the stockholders' right to maintain an action in such cases is based will be found perspicuously expressed in 3 Pomeroy, Eq. Jur. section 1095:

Wherever a cause of action exists primarily in behalf of the corporation against directors, officers, and others for wrongful dealing with corporate property, or wrongful exercise of corporate franchises, so that the remedy should regularly be obtained through a suit by and in the name of the corporation, and the corporation, either actually or virtually refuses to institute or prosecute such a suit, then, in order to prevent a failure of justice, an action may be brought and maintained by a stockholder or stockholders, either individually or suing on behalf of themselves and all others similarly situated, against the wrongdoing directors, officers, and other persons; but it is absolutely indispensable that the corporation itself should be joined as a party — usually as a codefendant. The rationale of this rule should not be misapprehended. The stockholder does not bring such a suit because his rights have been directly violated, or because the cause of action is his, or because he is entitled to the relief sought; he is permitted to sue in this manner simply in order to set in motion the judicial machinery of the court. The stockholder, either individually or as the representative of the class, may commence the suit, and may prosecute it to judgment; but in every other respect the action is the ordinary one brought by the corporation, is maintained directly for the benefit of the corporation, and the final relief, when obtained, belongs to the corporation, and not to the stockholder — plaintiff. The corporation is, therefore, an indispensably necessary party, not simply on the general principles of equity pleading in order that it may be bound by the decree, but in order that the relief, when granted, may be awarded to it, as a party to the record, by the decree. This view completely answers the objections which are sometimes raised in suits of this class, that the plaintiff has no interest in the subject-matter of the controversy nor in the relief. In fact, the plaintiff has no direct interest; the defendant corporation alone has any direct interest; the plaintiff is permitted, not-

withstanding his want of interest, to maintain the action solely to prevent an otherwise complete failure of justice.

As sustaining the text, see *Slattery v. Ry.*, 91 Mo. 217 (4 S. W. 79, 60 Am. Rep. 245); *Harding v. American Glucose Co.*, 182 Ill. 551 (55 N. E. 577, 74 Am. St. Rep. 189, 223, 64 L. R. A. 738); *Grant v. Lookout Mountain Co.*, 93 Tenn. 700 (28 S. W. 90, 27 L. R. A. 100). Nor are the expenses of litigation allowed the shareholder on the theory that he has acted as the agent of the corporation in what he has done. The action is, to all intents and purposes, the suit of the corporation, and is for the benefit of all parties interested to protect a trust fund, and on this ground the stockholder is reimbursed from such fund for all proper expenditures made or liabilities incurred. *Grant v. Lookout Mountain Co., supra; Forrester v. Boston, etc., Min. Co.*, 29 Mont. 397 (74 Pac. 1088, 76 Pac. 211); *Meeker v. Iron Co.* (C. C.) 17 Fed. 48 *et seq.* In 2 Spelling on Private Corporations, section 643, the author lays down the rule that " the owner of stock in a corporation who sues for himself and all other shareholders successfully, for a wrong done to the corporation, is entitled to be reimbursed his actual and necessary expenses and expenditures, including attorney's fees out of the corporate fund." In Cook on Stock & Stockholders, section 748, it is said that, in case the suit is successful, the complaining stockholder is entitled to have his costs paid by the corporation. In *Trustees v. Greenough*, 105 U. S. 527 (26 L. Ed. 1157), the court says: " It is a general principle that a trust estate must bear the expenses of its administration. It is also established by sufficient authority that where one of many parties having a common interest in a trust fund, at his own expense, takes proper proceeding to save it from destruction or restore it to the purposes of the trust, he is entitled to reimbursement, either out of the fund itself, or by proportional contribution from those who accept the

benefit of his efforts." See, also, *Decatur Min. Land Co. v. Palm,* 113 Ala. 531 (21 South. 315, 59 Am. St. Rep. 140); *Woodruff v. Railway,* 129 N. Y. 27 (29 N. E. 251); *Stone v. Omaha Fire Ins. Co.,* 61 Neb. 837 (86 N. W. 469); *Davis v. Bay State League,* 158 Mass. 434 (33 N. E. 591). But no more than reasonable expenses, including attorney's fees, may be exacted. *Davis v. Gemmell,* 73 Md. 530 (21 Atl. 712); *Forrester v. Boston, etc., Min. Co., supra,* and cases cited above. The right to the recovery of costs at all is contingent on success in the suit. If the action is successful, the plaintiffs may recover for, or have taxed, their attorney's fees; if unsuccessful, they may not. The contingency, however, is in the right to maintain the action, for unless sufficient grounds appear, and the corporation through its officers refuse to sue, there is no occasion for the stockholder to interpose for the protection of corporate interests. The expense in such a case is that of an intermeddler. It is only when he has been an instrument for the protection of corporate interests that he can legitimately claim his expenses, and then only such reasonable expenses as the corporation must have incurred had it prosecuted the action in its own interest. The contingency of success, then, cannot be taken into account in fixing upon the compensation to be allowed plaintiff for the services rendered as an attorney; only in deciding whether any compensation whatever shall be allowed.

II. In estimating the value of services rendered by plaintiff, it is proper to take into account the time necessarily employed in and the success of the litigation (*Berry v. Davis,* 34 Iowa, 594; *Stevens v. Ellsworth,* 95 Iowa, 231); the amount or values involved (*Smith v. Railway,* 60 Iowa, 515); and recovered (*Parsons v. Hawley,* 92 Iowa, 175); the ability, learning, and experience of the attorney, and his standing in the profession (*Clark v. Ellsworth,* 104 Iowa, 442). See note to *Shirk v. Neible,* 156 Ind. 66 (59 N. E. 281, 83

2. SAME: compensation of attorneys: how determined.

Am. St. Rep. 151). These matters were brought to the attention of the court in the evidence adduced, and the opinions of several lawyers taken as to the value of the services rendered. These opinions varied from $600 to $1,600 in the case against Lee, and from $900 to $2,000 in that against Loetscher. Other witnesses gave estimates of what a reasonable contingent fee would be, but as compensation cannot be computed on that basis these are of-no assistance. The trial court was not inclined to take into consideration the experience and skill of plaintiff, who had been engaged in the practice nearly fifty years, and was proven to be a lawyer of learning and distinction in equity jurisprudence. This as seen is an important element in estimating the value of such services. Nor was the prominence of the defendants in the actions in the community in which they reside taken into account. The latter circumstance ordinarily is not entitled to any weight, but in actions like these, where transactions showing want of fidelity in trust relations must be unmasked, and conduct inconsistent with business integrity be proven in order to succeed, the character of the defendants is involved, and has a direct bearing on the importance of the litigation, which always may be taken into account. In view of the character of the litigation and the other matters enumerated, we are inclined to think that plaintiff should have been allowed $2,500 as the reasonable value of the services rendered in both cases, and the decree will be modified accordingly.—*Modified* and *affirmed*.