IN RE TRUSTEESHIP OF VERA GAGE.

No. 39397.

JUNE 24, 1929.

 ┤

*John Fletcher,* Attorney-general, and *Earl F. Wisdom,* Assistant Attorney-general, for State of Iowa and H. W. Van Horn, Trustee, Appellants.

*Thomas O. Tacy* and *Addison G. Kistle,* for claimant, appellee:

STEVENS, J.—Vera Gage, a minor, and a student at the school for the deaf in Council Bluffs, was, on November 28, 1925, while about her duties, severely and permanently injured. Upon application to the legislature, the forty-second general assembly passed an act appropriating $10,000, to pay her for the injuries received. Chapter 307, Acts of the Forty-second General Assembly. The claimant, Thomas O. Tacy, is an attorney at law, who was employed by Vera's parents to present a claim in her behalf to the legislature. The agreement between them was for the allowance as attorney fees of one half of the amount secured. This contract was later abrogated, and the claim now involved is for the fair and reasonable value of the claimant's services. The court, upon a prior hearing, which was subsequently set aside, allowed attorney fees in the sum of $3,500. Upon a second hearing, the allowance was in the sum of $1,250. The claim is resisted by the trustee, who appeals, and is represented by the attorney-general. The act authorizes the district court of Harrison County to appoint a trustee to administer the fund, requiring him to qualify by filing a bond in the office of the clerk of the district court of Harrison County, with appropriate sureties, to protect the said fund against loss. The trustee is by said act specifically authorized, empowered, and directed to invest and reinvest the fund in state, county, or municipal bonds, or first mortgages upon Iowa farms, or otherwise, as directed by the court, so as to yield the largest rate of interest consistent with safety. The act further provides:

"Sec. 4. Said trustees shall use the interest derived from said fund, and part of the principal, as may be approved by the district court of Harrison County, Iowa, for the education, care, and keep of the said Vera Gage, and for no other purposes, except such compensation as the said district court of Harrison County, Iowa, may allow the trustee, and except such reasonable amount as said trustee may pay out for a bond, until said sum, and the income therefrom, shall have been consumed, and said trust funds shall be exempt from taxation.

"Sec. 5. The said trustee shall make annual reports of his doings to the district court of Harrison County, Iowa, and the said district court of Harrison County, Iowa, is hereby authorized to make such orders touching the investment and disbursement of said sum and the income therefrom as may be recommended by the said trustee or his successors and as may be approved by said court; provided, however, that no disbursements shall be made from said sum or the income therefrom, except for the education, care, and keep of the said Vera Gage, and for such amount as the district court of Harrison County, Iowa, may allow the trustee for his services and such reasonable amount as the trustee may expend for a bond."

It will be observed that Section 5 provides that no disbursement shall be made from said fund or the income therefrom except for the education, care, and keep of Vera, compensation to the trustee, and the expense of procuring a bond. There is no doubt but that the claimant rendered meritorious services in procuring evidence and presenting the claim to the legislature. No part of the claim is for services rendered to the trustee or in the administration of the fund...

It is contended by the claimant that the legislature was without power or authority to limit a court of equity strictly to the uses to be made of the fund, and that the court possesses inherent power to allow the claimant reasonable compensation for services rendered prior to the creation of the trust and securing the allowance. The general principle that a trust estate must bear the expenses of its administration, and that, where one having a common interest in the fund has, at his own expense, taken proper proceedings to preserve such fund and to maintain it for the purpose of the trust, he is entitled to reimbursement out of

the fund, is invoked. *Trustees v. Greenough*, 105 U. S. 527 (26 L. Ed. 1157) ; *Lomack Home for the Aged v. Iowa Mut. Tornado Ins. Assn.*, 155 Iowa 728; *Strong v. Taylor*, 82 Ala. 213 (2 So. 760) ; *Graham v. Dubuque Specialty Mach. Wks.*, 138 Iowa 456.

As to the power of the legislature, in creating the trust, to limit the uses to which it may be put, there would seem to be little, if any, doubt. The question is, rather, what construction shall be given the act? The state could not have been sued by Vera for damages, without its consent. Recognizing the justness of her claim, the legislature sought, by plain and unmistakable language, to preserve and maintain the allowance made, for her use and benefit. The conditions prescribed are a part of the terms of the trust. There is a clear distinction recognized by the authorities between expenses that may properly arise in the administration of the trust after it has been created, and expenses that may have been incurred prior thereto, but in behalf of its creation. A court of equity has power to direct the administration of a trust estate, but it could have nothing to do with the creation of a trust such as we have here by legislative enactment. The allowance by the district court was upon the theory that the court is clothed with power to allow expenses to the trustee necessarily incurred in the preservation of the estate, and that this exists, notwithstanding the fact that a strict construction of the language of the statute would result otherwise. Reasoning from this premise, the court held that the act should not be so construed as to prevent the allowance of something to claimant for the services rendered. The trouble with this reasoning is that the services were not rendered to the trustee, in the administration or for the preservation of the estate. The subject of attorney fees was discussed between the claimant and members of the legislative committee having the matter in charge. It was first suggested that the fund be placed in the custody of a guardian. There was objection to this plan. Whatever may be the power of a court of equity to allow expenses and disbursements other than those designated in the act, should occasion require, in the administration of the trust, the specific language of the act clearly restricts the expenditure by the trustee to matters therein designated. We are clear that this language cannot be so construed as to allow to the claimant attorney fees for services, however meritorious, the rendition of which antedates the trust. We

know of no principle of law or equity that may be invoked to sustain the allowance complained of. The trust was created by the legislature for the sole use and benefit of the injured minor. This court is bound by the limitations placed upon the uses that may be made of the fund. Particularly is this true as to matters arising prior to the passage of the act. The judgment appealed from must be, and is, reversed.—*Reversed.*

ALBERT, C. J., and FAVILLE, DE GRAFF, and MORLING, JJ., concur.